# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Cole*, 2012 IL App (1st) 102499

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRANDON COLE, Defendant-Appellant. |
| District & No. | First District, Sixth Division <br> Docket No. 1-10-2499 |
| Filed | September 21, 2012 |
| Held <br> (*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The summary dismissal of defendant's *pro se* postconviction petition was upheld, since the claims that defendant's appellate counsel was ineffective in the direct appeal were not raised in the petition, the claims were not based on alleged violations of defendant's constitutional rights, and even assuming the claims were properly before the appellate court, the record rebutted each claim. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 04-CR-28617; the Hon. Joseph G. Kazmierski, Jr., Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Stephen L. Gentry, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Janet C. Mahoney, and Carol L. Gaines, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE GARCIA delivered the judgment of the court, with opinion.
Justice Palmer specially concurred, with opinion.
Justice Gordon dissented, with opinion.

**OPINION**

¶ 1    Defendant Brandon Cole appeals from the first-stage summary dismissal of his *pro se* postconviction petition. Before this court, the defendant contends that appellate counsel on direct appeal was ineffective for failing to raise two issues, which he set forth in his postconviction petition. The State responds that the defendant's postconviction petition makes no allegations against appellate counsel's performance on direct appeal, which means the precise issues raised in this appeal were never ruled upon by the circuit court and therefore are not properly before this court. The State argues that in any event each claim is affirmatively rebutted by the record. We agree with each of the State's contentions and affirm.

¶ 2                                    BACKGROUND

¶ 3    A jury convicted defendant Brandon Cole in July 2007 of two counts of attempted first degree murder in the shootings of his friend, Zachary Parson, and Parson's friend, Tiffany Space, as they were about to enter the front door of Parson's home. The trial court sentenced the defendant to concurrent terms of 20 years' imprisonment. On direct appeal, the defendant argued that his trial counsel rendered ineffective assistance on three grounds: (1) failure to file a motion to quash arrest and suppress evidence premised on the lack of probable cause for his arrest; (2) failure to object to leading questions of Parson and to a police officer's testimony; and (3) failure to object to "prejudicial and baseless" closing arguments by the prosecutor, including a comment that Parson's testimony was "credible." The defendant also argued that the evidence was insufficient to prove him guilty beyond a reasonable doubt because Parson's testimony lacked sufficient credibility. We rejected each of the defendant's arguments and affirmed. *People v. Cole*, No. 1-08-0761 (2010) (unpublished order under Supreme Court Rule 23). The State, however, argued that the defendant had to be resentenced because Illinois law mandated consecutive sentences. We agreed and remanded for a new sentencing hearing. *Id.* at 19-21.

¶ 4        On May 7, 2010, while resentencing was pending, the defendant filed the instant *pro se* petition for relief under the Illinois Post-Conviction Hearing Act (the Act). 725 ILCS 5/122-1 *et seq.* (West 2010). The defendant alleged, *inter alia*, that the trial court violated Illinois Supreme Court Rule 431(b) (eff. May 1, 2007) by failing to "properly question the venire" regarding the principles underlying the trial of the defendant and that the prosecutor engaged in misconduct during closing argument when he injected his personal belief by characterizing Parson as "a credible witness," each of which the defendant alleged violated his right to due process. It is undisputed that the defendant's postconviction petition contained no reference to appellate counsel's performance on direct appeal. The petition did, however, have appended a copy of the *voir dire* transcript.

¶ 5        On July 19, 2010, the circuit court summarily dismissed the defendant's petition as frivolous and patently without merit. The court determined that both claims could have been raised on direct appeal because they were based on the trial record. The court ruled that in any event, the claims were without merit because they were rebutted by the record of the trial proceedings. The court found that the jury was asked about each of the four principles set forth in Rule 431(b) during *voir dire*. The court also questioned whether a purported violation of Rule 431(b) gives rise to a constitutional claim under the Act. Regarding the allegedly improper comments by the State in its closing, the court found the statements did not inject the personal opinion of the prosecutor but were properly based on the evidence.

¶ 6        This timely appeal followed.

¶ 7                                    ANALYSIS

¶ 8        The Act provides postconviction relief when a conviction arises from a substantial violation of a constitutional right. 725 ILCS 5/122-1 (West 2010). A postconviction proceeding is a collateral attack on the conviction, not an appeal of the underlying judgment. *People v. Coleman*, 206 Ill. 2d 261, 277 (2002). A defendant bears the burden of showing that he qualifies for relief under the Act by demonstrating a violation of a constitutional right. 725 ILCS 5/122-1(a)(1) (West 2010). A postconviction petition may be summarily dismissed within 90 days of its filing if "the court determines the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). A frivolous or patently without merit petition is one that "has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 12 (2009). We review summary dismissal of a postconviction petition *de novo*. *Id.* at 9.

¶ 9        The defendant contends his petition presented the "gist" of two constitutional claims based on issues appellate counsel failed to raise on direct appeal. First, he claims the trial court failed to strictly abide by Rule 431(b) in the course of questioning prospective jurors. The defendant acknowledges that during the course of jury selection, the trial court questioned the prospective jurors on "the following fundamental principles of our legal system," which preceded its discussion on the topics covered by Rule 431(b). He contends, however, that the trial court's inquiries missed the mark set by Rule 431(b). Second, he claims prosecutorial misconduct occurred during the State's closing argument when it commented on the "credibility" of a prosecution witness. The defendant contends appellate

counsel's failure to raise these issues on direct appeal rendered his assistance constitutionally deficient.

¶ 10    The State responds that neither purported trial error implicates the defendant's constitutional rights, which is a prerequisite to state a claim under the Act and which means each has no arguable basis in law. The State asserts that couching the asserted claims as ineffective assistance of appellate counsel does not transform the claims into constitutional ones, even if the underlying errors occurred. The State argues that no Illinois published decision, after our supreme court's decision in *People v. Thompson*, 238 Ill. 2d 598 (2010), holds that a Rule 431(b) violation implicates the constitutional rights of a defendant. The State also argues the purported prosecutorial misconduct does not constitute a constitutional claim where the defendant does not allege that the comments materially contributed to his convictions, which the State contends is factually foreclosed by the substantial evidence incriminating the defendant. The State further contends that both claims are refuted by the record, which precludes either from having an arguable basis in fact. Ultimately, the State contends the defendant is precluded from raising any issue of appellate counsel's ineffectiveness in this postconviction appeal because the defendant made no such allegations in his postconviction petition. The postconviction petition did challenge trial counsel's performance, but no separate issue of ineffectiveness of trial counsel is raised in his appellate brief.

¶ 11    The defendant replies that a liberal construction of his petition, which is mandated by Illinois case law (*Hodges*, 234 Ill. 2d at 21), gives rise to an "implicit claim" of ineffective assistance of appellate counsel. The defendant asserts: "A petitioner who raises a trial error in a post-conviction petition, asserting the claim has merit, also necessarily alleges the ineffectiveness of the appellate attorney who was to blame for failing to raise and preserve the claim on direct appeal." Notably, the defendant does not direct our attention to supporting authority for the proposition that logic alone permits a claim to be raised on appeal that was never expressly ruled upon by the circuit court.

¶ 12    In fact, we find no difference between the defendant's argument and the appellate strategy expressly rejected by the Illinois Supreme Court in the context of an appeal from the summary dismissal of a postconviction petition:

"Stated bluntly, the typical *pro se* litigant will draft an inartful pleading which does not survive scrutiny under the 'frivolity/patently without merit' standard of section 122-2.1, and it is only during the appellate process, when the discerning eyes of an attorney are reviewing the record, that the more complex errors that a nonattorney cannot glean are discovered. The appellate attorney, not wishing to be remiss in his or her duty, then adds the newly discovered error to the appeal despite the fact that the claim was never considered by the trial court in the course of its ruling. *** [T]he attorney is zealously guarding the client's rights and is attempting to conserve judicial resources by raising the claim expeditiously at the first available chance. These goals are laudable, but they nonetheless conflict with the nature of appellate review and the strictures of the Act." *People v. Jones*, 213 Ill. 2d 498, 504 (2004).

¶ 13    In *Jones*, the supreme court made clear that claims not raised in the defendant's

postconviction petition may not be raised for the first time on appeal from the circuit court's dismissal of that petition. In other words, based on the context of this case, claims of ineffective assistance of appellate counsel cannot be inferred by postconviction appellate counsel simply because issues of trial error were not raised on direct appeal. *Jones*, 213 Ill. 2d at 504. We read *Jones* to hold that "implicit" claims in the defendant's postconviction petition may not be raised for the first time on appeal when those postconviction issues were never ruled upon by the circuit court. *Id.*

¶ 14 Nor are we persuaded that "implicit" claims of ineffective assistance of appellate counsel fall within the "liberal construction" mandate for review of *pro se* postconviction petitions. See *People v. Coleman*, 2011 IL App (1st) 091005 (without an allegation in the petition that supports the inference appellate counsel draws, we concluded that appellate counsel went beyond the allegations in the postconviction petition to challenge counsel's performance on direct appeal). Were the standard for appellate review one of "implicit" claims, the supreme court's admonishment in *Jones* that "the strictures of the Act" must be followed would be rendered meaningless. The Act expressly provides that errors not raised in a defendant's *pro se* postconviction petition are forfeited: "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2010).

¶ 15 Nor does the concept of "fundamental fairness" permit an appellate court to review errors "never considered by the trial court in the course of its ruling." *Jones*, 213 Ill. 2d at 503, 505. When trial errors discovered during appellate review of a dismissed *pro se* postconviction petition trigger a concern that an unpreserved error implicates "fundamental fairness," the recourse is for the defendant to file a second postconviction petition under the cause and prejudice test, which may then be relaxed. *Id.* at 505. "[W]hen appellate counsel discover errors not raised by their clients during the summary, first-stage postconviction proceedings, the proper course of action for counsel to take is to file a successive petition in which the newly found claim is properly alleged." *Jones*, 213 Ill. 2d at 509. We reiterate the supreme court's observation in *Jones*: the "appellate court does not possess [supervisory power to reach an issue the defendant has forfeited]." *Jones*, 213 Ill. 2d at 507-08. We conclude that were we to find "implicit" claims of ineffective assistance of appellate counsel as the defendant urges, this case would be yet another example of the appellate court exercising supervisory authority it does not have. *Id.* at 508. "[O]ur appellate court is not free, as this court is under its supervisory authority, to excuse, in the context of postconviction proceedings, an appellate waiver caused by the failure of a defendant to include issues in his or her postconviction petition." *Id.*

¶ 16 Because the defendant's postconviction petition makes no allegations against appellate counsel's performance on direct appeal, the defendant is precluded from asserting for the first time on appeal claims of ineffective assistance of appellate counsel never ruled upon by the circuit court. *Id.* at 507-08.

¶ 17 Even if a "liberal construction" of the defendant's *pro se* postconviction petition permitted the asserted claims to be considered by this court, we would reject each because the underlying trial errors are not grounded on violations of the defendant's constitutional rights.

¶ 18      Essential to a postconviction claim of ineffectiveness of appellate counsel on direct appeal is proof of error of constitutional dimensions during the course of the trial, which counsel on direct appeal failed to raise. See *People v. Douglas*, 2011 IL App (1st) 093188, ¶ 48 (a claim that defense counsel engaged in "inadequate impeachment" of a State witness does not state a violation of the defendant's constitutional right to effective assistance of counsel). A trial error of constitutional dimensions necessarily implicates the assistance provided by trial counsel, which, if deficient, appellate counsel should raise. See *People v. Childress*, 191 Ill. 2d 168, 174-75 (2000) (the doctrine of forfeiture does not bar consideration of a claim that trial counsel was ineffective if appellate counsel was "objectively unreasonable" in failing to raise the issue). Ultimately, a "gist" of a constitutional claim of ineffective assistance of appellate counsel turns on "whether petitioner's underlying ineffective assistance of trial counsel claim would have been successful if raised on direct appeal." *Id*. As we noted, however, no express issue of the ineffectiveness of trial counsel is raised before this court.

¶ 19      As to the defendant's Rule 431(b) issue, the State correctly argues that post-*Thompson*, there is no authority for the defendant's contention that a violation of Rule 431(b), standing alone, amounts to an arguable claim of a constitutional violation. In *Thompson*, the court rejected the defendant's claim that a clear, but unpreserved, violation of Rule 431(b) triggered a second-prong plain error because of the importance of the right involved. *Thompson*, 238 Ill. 2d at 614-15 ("A violation of Rule 431(b) does not implicate a fundamental right or constitutional protection, but only involves a violation of this court's rules."). Based on our reading of *Thompson*, without an allegation that the jury ultimately seated was biased and thus "affected the fairness of [the defendant's] trial and challenged the integrity of the judicial process" (*id.* at 615), we conclude that a postconviction claim of a violation of Rule 431(b), standing alone, has no arguable basis in law that the defendant's due process rights were violated. It necessarily follows that there is no arguable constitutional claim that appellate counsel was ineffective for failure to raise this argument on direct appeal. *Cf. Childress*, 191 Ill. 2d at 175 (nothing in United States Supreme Court precedent "suggests that defense counsel is *constitutionally* required to ask" whether a prospective juror would automatically impose the death penalty regardless of the evidence in aggravation and mitigation (emphasis added)).

¶ 20      Still further, as the State has amply shown in its responsive brief based on the excerpts of the *voir dire* transcript, a showing that the defendant has not addressed in his reply brief, no meaningful violation of Rule 431(b) occurred during *voir dire*. The trial court informed each of the separate panels of prospective jurors of the general principles in Rule 431(b), with defense counsel reinforcing before three of the four venire panels that the defendant has the right not to testify and his decision to exercise that right cannot be held against him. Under these circumstances, no error of constitutional dimension occurred. See *Douglas*, 2011 IL App (1st) 093188, ¶ 48. In this regard, we remind the defendant, "[t]his is an appeal from the summary dismissal of the defendant's postconviction petition. It is not a second direct appeal." *Id.* Only claims that rise to the level of violations of the defendant's constitutional rights are cognizable under the Act. See *id.* (an "inadequate impeachment" claim does not state a constitutional violation of the defendant's right to effective assistance of counsel).

¶ 21 The defendant's second claim of prosecutorial misconduct is equally unavailing. We agree with the State that on the record before us, no prosecutorial misconduct occurred. We set out in full the comments by the State during its closing argument that the defendant claims violated his right to a fair trial:

"You don't lie, you don't forget, you make positively certain that you tell the police what happened. Zachary was a credible witness, he got on the stand, he was honest as he could be, he answered all the questions, he just told the story, told the truth."

¶ 22 We reject the defendant's contention in his main brief that these comments "set forth the gist of a constitutional claim that trial counsel should have objected *** and that appellate counsel should have raised *** on appeal." We agree with the trial court that these isolated comments by the State were properly based on the evidence. See *People v. Bryant*, 94 Ill. 2d 514, 523-24 (1983) (the Illinois Supreme Court "has consistently held that a prosecutor's closing argument may *** reflect upon witness credibility"). There is no arguable basis in fact that a trial error occurred based on the comments by the State during its closing argument so as to make out a claim of ineffectiveness of appellate counsel. See *People v. Rogers*, 197 Ill. 2d 216, 222 (2001) (Illinois courts have "consistently upheld the dismissal of a post-conviction petition when the record from the original trial proceedings contradicts the defendant's allegations").

¶ 23 There are also separate legal bars to this claim. First, in our adversarial system, wide latitude is accorded to both counsel during closing arguments. The State's arguments will lead to reversal only when "the improper remarks constituted a material factor in a defendant's conviction." *People v. Wheeler*, 226 Ill. 2d 92, 123 (2007). Based on the record before us, there is no plausible claim that the complained-of comments by the State were a material factor in the defendant's convictions, which means no arguable basis in law exists for the defendant's ineffectiveness of appellate counsel claim. See *People v. Jones*, 2011 IL App (1st) 092529, ¶ 42 (in postconviction appeal, appellate counsel's decision not to raise on direct appeal alleged prosecutorial misconduct during closing argument was not objectively unreasonable; nor was the complained-of argument by the State a material factor in the defendant's conviction). "Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." *People v. Easley*, 192 Ill. 2d 307, 329 (2000).

¶ 24 Second, as we made clear in the Background section of this decision, the defendant raised as his third issue on direct appeal the allegedly "prejudicial and baseless" closing argument by the prosecutor, albeit in the context of a claim of ineffective assistance of trial counsel based on his failure to object to the State's comments. *Supra* ¶ 4. The defendant's claim that reversible error occurred during the State's closing argument may not be resurrected by switching blame to appellate counsel. See *People v. Chears*, 389 Ill. App. 3d 1016, 1027 (2009) ("Having made no showing of a constitutional due process violation, the defendant is no better off making this same claim as one against counsel."). Thus, even if we concluded that the State should not have commented on the witness's testimony for the reasons the defendant puts forth, we addressed and rejected the claim that the alleged misconduct constituted reversible error in the defendant's direct appeal, which triggers the *res judicata*

bar. *People v. Blair*, 215 Ill. 2d 427, 445 (2005) ("Thus, where *res judicata* and forfeiture preclude a defendant from obtaining relief, such a claim is necessarily 'frivolous' or 'patently without merit.' "); *People v. Dixon*, 409 Ill. App. 3d 915, 923 (2011) ("Generally, the recasting in constitutional terms of an issue decided on direct appeal is barred by *res judicata*." (Internal quotation marks omitted.)).

¶ 25   To summarize, where the summarily dismissed postconviction petition does not allege ineffectiveness of appellate counsel on direct appeal, such claims cannot be raised for the first time on postconviction appeal. In any event, the record affirmatively demonstrates that the prospective jurors were adequately questioned regarding the principles of law underlying the defendant's trial to adequately safeguard against sitting a biased jury and that the State's comments regarding a witness's credibility during its closing argument were based on the evidence. Consequently, there is no arguable basis in fact that a biased jury convicted the defendant or that the alleged prosecutorial misconduct was a material factor in the defendant's convictions. Finally, the claims of ineffective assistance of appellate counsel the defendant urges before us have no arguable basis in law where the alleged trial errors are not grounded on a violation of a constitutional right and the prosecutorial misconduct claim is also barred by *res judicata*.

¶ 26                                    CONCLUSION

¶ 27   The circuit court did not err in summarily dismissing the defendant's postconviction petition. The claims urged before us that appellate counsel on direct appeal was ineffective were not raised by the allegations of the defendant's postconviction petition, which precludes review of the claims before this court. The claims are also not grounded on alleged violations of the defendant's constitutional rights. Even if such claims were properly before us, we find each claim to be rebutted by the record. The postconviction petition was properly dismissed summarily.

¶ 28   Affirmed.

¶ 29   JUSTICE PALMER, specially concurring.

¶ 30   I concur in the judgment of the court affirming the summary dismissal of defendant's *pro se* postconviction petition. I write separately only to point out that even if we were to consider the claim of ineffective assistance of appellate counsel to have been adequately raised, the claim has no merit as it cannot withstand an analysis under *Strickland v. Washington*, 466 U.S. 668 (1984).

¶ 31   In *People v. Hodges*, 234 Ill. 2d 1, 9 (2009), the Illinois Supreme Court noted that "a defendant at the first stage need only present a limited amount of detail in the petition. [Citations.] Because most petitions are drafted at this stage by defendants with little legal knowledge or training, this court views the threshold for survival as low. [Citations.] In fact, we have required only that a *pro se* defendant allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act."

¶ 32    Defendant herein argues that in the spirit of *Hodges*, his *pro se* petition should be liberally construed to the effect that since he has raised two legal issues that were not raised in his direct appeal, then he has impliedly raised a claim of ineffective assistance of appellate counsel, a constitutional claim. Unfortunately for defendant, even if we were to accept this proposition, his position would not be improved as he has not adequately alleged, nor can he, that appellate counsel's failure to allege a violation of Illinois Supreme Court 431(b) or improper closing argument prejudiced the defense. Under *Strickland*, a defendant must demonstrate that counsel's performance was deficient and that such deficient performance substantially prejudiced the defendant. *Strickland*, 466 U.S. at 687. To demonstrate performance deficiency, a defendant must establish that counsel's performance fell below an objective standard of reasonableness. *People v. Edwards*, 195 Ill. 2d 142, 162 (2001). In evaluating sufficient prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶ 33    First, as to the Rule 431(b) issue, *People v. Thompson*, 238 Ill. 2d 598 (2010), foreclosed defendant's argument that his trial counsel's failure to preserve this issue is excused by a structural or plain error. Absent a showing that the trial court's failure to exactly follow Rule 431(b) resulted in the selection of a biased jury, this claim is forfeited. See *Thompson*, 238 Ill. 2d at 615. Second, as to the issue of improper closing argument, in the absence of a prosecutor stating that he or she is expressing his personal opinion in an argument, there is nothing wrong with commenting on the credibility of a witness. *People v. Sims*, 403 Ill. App. 3d 9, 20 (2010). As this was not error, defendant cannot sustain either prong of the *Strickland* analysis with regard to the conduct of appellate counsel.

¶ 34    JUSTICE GORDON, dissenting.

¶ 35    I must dissent for three reasons. First, with all due respect, I cannot concur with the majority's finding that defendant's *pro se* petition did not claim that his appellate counsel was ineffective. Second, I cannot concur with the majority's conclusion that a counsel may be found ineffective only if he or she fails to object to something that is constitutionally required. Third and most importantly, defendant's petition was not filed "postconviction" (*supra* ¶ 4); therefore we should dismiss without prejudice to permit a subsequent filing of an actual "postconviction" petition.

¶ 36              I. Raised Claims of Appellate Counsel's Ineffectiveness

¶ 37    First, the majority finds that defendant's petition did not claim that his appellate counsel was ineffective because his *pro se* petition alleged ineffectiveness of counsel, without using the words "appellate counsel."

¶ 38    Defendant argues that a *pro se* "petitioner who raises a trial error in a post-conviction petition, asserting the claim has merit, also necessarily alleges the ineffectiveness of the appellate attorney who was to blame for failing to raise and preserve the claim on direct appeal." (Internal quotation marks omitted.) *Supra* ¶ 11. This makes sense to me, and thus

I must dissent from the majority's contrary holding.

¶ 39    As we all agree, a *pro se* petition must be liberally construed. A *pro se* petitioner is not an attorney, and we do not expect him to know what precise legal terms to use or to be educated in legal concepts such as waiver. What he does believe is that someone should have raised these claims and did not, and that is why he is raising them now. If they had been raised before, he would not have to raise them now in his own *pro se* petition. On the one hand, we recite the standard of "frivolous and patently without merit"; and yet, on the other hand, we expect legal draftsmanship of *pro se* petitioners. This makes no sense and is contrary to the law set forth by our supreme court in *People v. Hodges*, 234 Ill. 2d 1 (2009). In *Hodges*, our supreme court cautioned that, "[b]ecause most petitions are drafted at this stage by defendants with little legal knowledge or training this court views the threshhold for survival as low." *Hodges*, 234 Ill. 2d at 9.

¶ 40    In *Hodges*, our supreme court expressly rejected the type of "strict construction[ist]" thinking that is being applied in the case at bar. *Hodges*, 234 Ill. 2d at 21. In *Hodges*, the State asked our supreme court to affirm the appellate court, which had considered only whether certain testimony would support a self-defense theory but not whether it would also support a theory of second degree murder. The State argued that "the reason the appellate court had addressed only self-defense and not second degree murder is that, in his petition, defendant focused only on the impact the witnesses' testimony would have had on self-defense." *Hodges*, 234 Ill. 2d at 21. The State argued that defendant had failed to "expressly allege that this same testimony would have supported 'unreasonable belief' second degree murder." *Hodges*, 234 Ill. 2d at 21. Rejecting this argument, our supreme court observed that second degree murder "has been referred to as 'imperfect self-defense.' " *Hodges*, 234 Ill. 2d at 21. The court observed that "[i]n the State's view, defendant, who was acting *pro se*, 'chose' to focus only on self-defense and not on second degree murder as well, and he should be held to that choice." *Hodges*, 234 Ill. 2d at 21. Our supreme court flat out "reject[ed] this argument," finding "[t]he State's strict construction of defendant's petition is inconsistent with the requirement that a *pro se* petition be given a liberal construction." *Hodges*, 234 Ill. 2d at 21.

¶ 41    In other words, our supreme court did not expect a *pro se* defendant to understand the legalistic differences between self-defense and second degree murder.

¶ 42    However, in the case at bar, the majority's opinion turns on the fact that defendant's petition makes no reference to the performance of "appellate" counsel, as opposed to simply counsel. *Supra* ¶ 16. In one of the opening paragraphs of his *pro se* petition, defendant complains of "attorney ineffectiveness" and then proceeds to describe specific claims. The majority interprets these claims of "attorney ineffectivess" as referring solely to trial counsel. One could just as easily interpret it as referring to the appellate counsel who, along with the trial counsel, also failed to raise these claims. In essence, the majority holds that, if his petition had said "appellate attorney" we would reverse the dismissal, but since it says only "attorney" we affirm. I cannot concur in drawing this distinction.

¶ 43    The majority holds that, if defendant intended to challenge the effectiveness of appellate counsel, he would have expressly stated so. If he had an attorney to tell him that these claims

would otherwise go unreviewed, he certainly would have expressly stated so. But this is at the first stage, before a defendant has the benefit of an attorney.

¶ 44    For these reasons, I would find that defendant alleged ineffectiveness of appellate counsel.

¶ 45                    II. Ineffectiveness Does Not Depend on Whether
                    the Underlying Act Was Constitutionally Required

¶ 46    The majority concludes that, since the *Zehr* questions are not constitutionally required, an appellate counsel can never be found ineffective for failing to raise a *Zehr* claim on appeal. *Supra* ¶ 19. However, an underlying procedure or piece of evidence does not have to be constitutionally required for counsel to be found ineffective for failing to request or introduce it. I will give an example. Let's say in a particular case there is a key piece of exonerating evidence and defense counsel fails to lay a foundation for its admission. Although the admission of any piece of evidence is not constitutionally required, we can nonetheless find an attorney ineffective for failing to introduce it into evidence. Similarly, even though the *Zehr* questions are not constitutionally required, the failure to object to their omission may lead us to find a counsel ineffective if, for example, defendant chooses not to testify and that is the very *Zehr* question which has been omitted and the case is so closely balanced that this question may have tilted the scales in defendant's favor. *People v. Thompson*, 238 Ill. 2d 598, 613 (2010) (observing that a *Zehr* error may rise to the level of plain error if the evidence is closely balanced).[1] This scenario is the exact scenario claimed before us, and therefore I would find that his petition did state the gist of a constitutional claim.

¶ 47    The majority states that "[t]he trial court informed each of the separate panels of prospective jurors of the general principles in Rule 431(b)." *Supra* ¶ 20. That is incorrect. There is no dispute between the parties that the trial court consistently failed to inform every panel about the fourth *Zehr* principle: "that the defendant's failure to testify cannot be held against him or her." Ill. S. Ct. R. 431(b) (eff. May 1, 2007). The majority finds that this defect was remedied by trial counsel's sporadic questioning where he asked only some of the potential jurors in the first three panels and none in the fourth panel. *Supra* ¶ 20. I do not agree that sporadic questioning by counsel is the equivalent of consistent questioning by an impartial judge, who presumably enjoys greater respect from the potential jurors than a clearly biased advocate. *Thompson*, 238 Ill. 2d at 607 (holding that Rule 431(b) "mandates a specific question and response process" in which the "trial court must ask *each* potential juror whether he or she understands and accepts *each* of the principles in the rule" (emphases added)).

---

[1] Justice Palmer states in his special concurrence that: "Absent a showing that the trial court's failure to exactly follow Rule 431(b) resulted in the selection of a biased jury, this claim is forfeited." *Supra* ¶ 33. With all due respect, this statement overlooks the possibility of plain error under the first or "closely balanced" prong of plain error. *Thompson*, 238 Ill. 2d at 613.

¶ 48                              III. Dismiss Without Prejudice

¶ 49        In the end, however, I would take a very different approach than my colleagues. I would dismiss, without prejudice, on the ground that the petition was not filed "postconviction."

¶ 50        On direct appeal, we vacated defendant's sentences and remanded the case to the trial court for a new sentencing hearing. On May 7, 2010, and before the new sentencing hearing was held, defendant filed this petition, styled as one under the Post-Conviction Hearing Act. 725 ILCS 5/122-1 *et seq.* (West 2010).

¶ 51        However, after the resentencing is held, defendant is entitled to make another direct appeal. As this division recently held, "[s]ince a defendant has the right to file a direct appeal 'from sentences entered on conviction,' defendant may file a direct appeal after the entry of the new sentencing order, if he so chooses." *People v. Edgecombe*, 2011 IL App (1st) 092690, ¶ 31 (quoting 730 ILCS 5/5-5-4.1 (West 2010) ("The defendant has the right of appeal in all cases from sentences entered on conviction" in felony cases.), and *People v. Lopez*, 129 Ill. App. 3d 488, 491 (1984) ("Final judgment in a criminal case is not entered until the imposition of the sentence. The final judgment in a criminal case is the sentence.")). See also 730 ILCS 5/5-1-12 (West 2010) (" 'Judgment' means an adjudication by the court that the defendant is guilty or not guilty, and if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court.").

¶ 52        In *People v. Holmes*, 405 Ill. App. 3d 179, 184 (2010), the appellate court was called upon to define the term "conviction." The issue in *Holmes* was whether a trial court had statutory authority to issue an extended-term sentence. *Holmes*, 405 Ill. App. 3d at 184. This authority existed only if the second qualifying conviction occurred prior to the commission of the current offense. *Holmes*, 405 Ill. App. 3d at 184. Although defendant pled guilty before the current offense, he was sentenced after it. *Holmes*, 405 Ill. App. 3d at 184. As a result, defendant argued that his "conviction" occurred at the later sentencing, while the State claimed that the "conviction" occurred at the earlier guilty plea. *Holmes*, 405 Ill. App. 3d at 184.

¶ 53        The *Holmes* court held that "defendant's conviction *** occurred on *** the date of sentencing." *Holmes*, 405 Ill. App. 3d at 186. The *Holmes* court found that this conclusion was supported by both supreme court precedent and statutory law. *Holmes*, 405 Ill. App. 3d at 186. First, the appellate court observed that our "supreme court's decisions 'make[ ] clear that the date of a conviction is the date of the entry of the sentencing order.' " *Holmes*, 405 Ill. App. 3d at 186 (quoting *People v. Lemons*, 191 Ill. 2d 155, 160 (2000)). Second, the court observed that the Unified Code of Corrections defined the word "conviction" and that the first requirement of this definition was the entry of a "judgment." *Holmes*, 405 Ill. App. 3d at 186 (citing 730 ILCS 5/5-1-5 (West 1996)). The "legislature defined 'judgment' as follows: ' "Judgment" means an adjudication by the court that the defendant is guilty or not guilty, and *if the adjudication is that the defendant is guilty, it includes the sentence pronounced by the court*.' " (Emphasis in original.) *Holmes*, 405 Ill. App. 3d at 186 (quoting 730 ILCS 5/5-1-12 (West 2008)). The court concluded that, "[e]ven if one views defendant's plea as an adjudication by the court that defendant is guilty, that adjudication does not meet the statutory definition of a 'judgment' until 'sentence [is] pronounced by the court.' "

*Holmes*, 405 Ill. App. 3d at 186 (quoting 730 ILCS 5/5-1-12 (West 2008)). I agree with the *Holmes* court.

¶ 54     In addition, the purpose of the Act is to "provide[ ] a method by which persons *under criminal sentence*" can assert constitutional claims. (Emphasis added.) *Hodges*, 234 Ill. 2d at 9. Since this petition was filed prior to sentencing, it was not a "postconviction" petition. Therefore, I would dismiss, and I would dismiss without prejudice to defendant's filing a petition that is actually postconviction, namely, after sentencing.

¶ 55     In other words, since this petition was not postconviction, it cannot count as defendant's first postconviction petition and thus, any subsequent petitions are not subject to the cause-and-prejudice test. Again, this is a fact that we could not expect defendant, who is not an attorney, to know.

¶ 56                                    IV. Conclusion

¶ 57     In sum, I must dissent, first, because I believe that defendant's *pro se* petition claimed ineffectiveness of appellate counsel. Second, I also believe that ineffectiveness does not depend on whether the underlying act or omission was constitutionally required. Third and most importantly, I would dismiss the petition without prejudice since it is not a postconviction petition.