2020 IL App (1st) 181228-U

No. 1-18-1228

Order filed November 10, 2020.

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 96 CR 265(02) |
| | ) | |
| FREDEAL TRUIDALLE, | ) | The Honorable |
| | ) | Lawrence E. Flood and |
| Defendant-Appellant. | ) | Lawrence P. Fox, |
| | ) | Judges Presiding. |

JUSTICE LAVIN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court properly denied defendant leave to file a successive postconviction petition where the petition did not allege a claim of constitutional dimension and his consecutive sentences were statutorily authorized.

¶ 2     Defendant Fredeal Truidalle appeals from the trial court's denial of leave to file a

successive petition under the Post-Conviction Hearing Act (Act). 722 ILCS 5/122-1 *et seq.*

(West 2016).[1] Specifically, defendant contends that the court's denial was erroneous because counsel on direct appeal failed to challenge the imposition of consecutive sentences under section 5-8-4 of the Code of Corrections (730 ILCS 5/5-8-4 (West 1994)), and defendant has satisfied the cause-and-prejudice test applicable to successive petitions. For the following reasons, we affirm the trial court's judgment.

¶ 3                                    I. Background

¶ 4      Defendant and codefendant Enoch Wilder were jointly indicted on 51 counts for events that occurred on November 3, 1995. Following a jury trial, defendant was found guilty of the first-degree murder, armed robbery and aggravated kidnapping of Robbie Barrett, as well as the armed robbery of Robert Johnson and Winorva Nichols. Defendant received a 55-year prison term for murder and four 15-year prison terms for armed robbery and aggravated kidnapping. The 15-year terms were to be served concurrently with each other but consecutively to the murder sentence. On direct appeal, the reviewing court reversed and remanded for a new trial based on cumulative errors. *People v. Truidalle*, 1-99-3679 (October 12, 2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      On the same day that the reviewing court granted defendant a new trial, the reviewing court granted codefendant sentencing relief. Specifically, codefendant was originally sentenced to 45 years in prison for first-degree murder, 15 years for armed robbery and 15 years for aggravated kidnapping. The trial court had ordered that the 15-year terms were to be served concurrently with each other but consecutively to the murder sentence, pursuant to section 5-8-4(b).[2]

_____

[1]The record contains alternative spellings of defendant's surname as well as multiple aliases.
[2]We note that section 5-8-4 has historically been troublesome for practitioners and courts alike. *People v. Wilder*, 325 Ill. App. 3d 987, 1002-03 (2001) (stating, "[w]e are acutely aware that applying

¶ 6    On codefendant's direct appeal, the reviewing court found that whether either subsection 5-8-4(a) or (b) authorized consecutive sentences first depended on whether the offenses were committed in a single course of conduct. Essentially, subsection (a) authorized consecutive sentences for certain triggering offenses committed in a *single* course of conduct and subsection (b) authorized consecutive sentences for offenses committed in *separate* courses of conduct where necessary to protect the public. *People v. Wilder*, 325 Ill. App. 3d 987, 998-1000 (2001). The decision in *Wilder*, like others before it, treated subsections (a) and (b) as mutually exclusive. See, *e.g.*, *People v. Fritz*, 225 Ill. App. 3d 624, 628 (1992) ("We are of the opinion that if consecutive sentences are barred by section 5–8–4(a), then they cannot be imposed under section 5–8–4(b)."); *People v. Kagan*, 283 Ill. App. 3d 212, 221-23 (1996) (similar); *People v. Cooper*, 239 Ill. App. 3d 336, 359 (1992) (similar).

¶ 7    The reviewing court reversed and remanded for the trial court to determine whether codefendant's offenses were or were not committed in a single course of conduct. *Wilder*, 325 Ill. App. 3d at 1002. On January 16, 2002, codefendant's sentences were ordered to be served concurrently. While codefendant's proceedings are not included in our record on appeal, it appears that the trial court found the offenses were committed in a single course of conduct, triggering subsection (a), but that subsection (a)'s requirements for imposing consecutive sentences were not otherwise satisfied.

¶ 8    In 2003, defendant was retried. The jury again found defendant guilty of Barrett's murder as well as the armed robbery of Barrett, Johnson and Nichols. At sentencing, the State argued that the sentences for Barrett's murder and armed robbery should be served consecutively under section 5-8-4(a).

---

sections 5–8–4(a) and 5–8–4(b) has been extremely difficult for trial courts as well as for courts of review").

¶ 9    The trial court found that defendant was a recidivist, a "hard core" career criminal. The court sentenced defendant to 54 years for first-degree murder, and imposed 15-year terms for the armed robbery counts, to be served concurrently with each other but consecutively to the murder sentence, "which I find *also* to be necessary for the protection of society." (Emphasis added.) It is not entirely clear from the court's findings whether it purported to impose consecutive sentences under subsection 5-8-4(a), subsection 5-8-4(b) or both.

¶ 10    On defendant's second direct appeal, he did not challenge the imposition of consecutive sentences and we affirmed the judgment. *People v. Truidalle*, No. 1-04-1044 (June 1, 2006) (unpublished order under Illinois Supreme Court Rule 23). Defendant then began filing several collateral pleadings.

¶ 11    Pertinent to this appeal, in 2007, defendant filed a petition under the Act, alleging that appellate counsel was ineffective for failing to argue on direct appeal that the offenses were committed in a single course of conduct and that he was not convicted of offenses that triggered consecutive sentencing under 5-8-4(a). The trial court dismissed the petition as frivolous and patently without merit.

¶ 12    On appeal, the State Appellate Defender moved to withdraw as counsel pursuant to *Pennsylvania v. Finley* 481 U.S. 551 (1987), arguing that the appeal lacked arguable merit.[3] In counsel's supporting memorandum, she stated that she had considered whether defendant alleged the gist of a meritorious claim that his appellate counsel was ineffective for failing to challenge the consecutive nature of his sentences. Counsel acknowledged that defendant contended that consecutive sentences were improper under section 5-8-4(a) but counsel believed the trial court

---

[3]We note that the *Finley* motion is not included in our record on appeal. While the parties have apparently agreed to cite to the copy of the motion included in defendant's appendix, this does not comply with our supreme court's rules. Notwithstanding this deficiency, the incomplete record does not impact our decision. Ill. S. Ct. R. 323 (eff. July 1, 2017).

imposed consecutive sentences under subsection 5-8-4(b), not subsection (a). The reviewing court granted counsel's *Finley* motion and affirmed the dismissal of defendant's petition. *People v. Truidalle*, 385 Ill. App. 3d 1133 (2008) (unpublished order Illinois under Supreme Court Rule 23).

¶ 13    Nine years later, on December 5, 2017, defendant moved for leave to file a successive *pro se* petition under the Act, claiming that his consecutive sentences under section 5-8-4(b) were unconstitutional. In defendant's motion and attached petition, he alleged that the offenses were committed in a single course of conduct, triggering subsection 5-8-4(a), not subsection 5-8-4(b). Defendant essentially argued that this required concurrent sentences absent offenses triggering consecutive sentences. Defendant alleged, albeit inaccurately, that the Illinois Supreme Court had found codefendant's consecutive sentences were unconstitutional. Additionally, he argued he had cause for failing to raise the claim in his first petition because at that time, codefendant's consecutive sentences had not yet been ordered to run concurrently. Notably, this pleading did not argue that counsel on direct appeal was ineffective for failing to challenge the consecutive nature of his sentences. The trial court denied defendant leave to file a successive petition.

¶ 14                                    II. Analysis

¶ 15    On appeal, defendant asserts the trial court erroneously denied him leave to file a successive petition because he satisfied the cause-and-prejudice test with respect to his sentencing challenge. We review this issue *de novo* review. *People v. Robinson*, 2020 IL 123849, ¶ 39. Accordingly, we may affirm the trial court's judgment on any basis in the record. *People v. Green*, 2012 IL App (4th) 101034, ¶ 32.

¶ 16     The Act provides a statutory remedy for claims that substantial violations of a defendant's constitutional rights occurred at trial, but the Act also contemplates the filing of only one petition. *Robinson*, 2020 IL 123849, ¶ 42. A court may grant leave to file a successive petition, however, where the defendant establishes cause for his failure to raise the claim in his initial petition and resulting prejudice. 725 ILCS 5/122-1(f) (West 2016); *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002) (stating that "because this is a successive petition in which petitioner makes no claim of actual innocence *** , the claims raised in his petition must be considered waived unless application of the cause-and-prejudice test dictates otherwise"). In addition, a defendant establishes cause by identifying an objective factor that impeded his ability to raise his claim during his initial proceedings under the Act. 725 ILCS 5/122-1(f) (West 2016). Furthermore, a defendant demonstrates prejudice by showing that the newly claimed error so infected the trial that his conviction or sentence violated his right to due process. 725 ILCS 5/122-1(f) (West 2016).

¶ 17     Reviewing courts may uphold the denial of leave to file a successive petition under either prong of the cause-and-prejudice test. *People v. Morrow*, 2019 IL App (1st) 161208, ¶ 57. We find the trial court properly denied defendant leave to file his successive petition because defendant is unable to establish prejudice.

¶ 18     As stated, the Act provides a means to remedy substantial violations of *constitutional* rights that occurred at trial or sentencing. *People v. Allen*, 2015 IL 113135, ¶ 20. Conversely, deprivations of purely statutory rights are not cognizable in postconviction proceedings. *Pitsonbarger*, 205 Ill. 2d at 474. Notwithstanding that the motion for leave to file stated that defendant's sentences were "unconstitutional," the crux of his assertion was that section 5-8-4 did not authorize consecutive sentences. Because this is a purely statutory contention, defendant

did not establish that any error violated his constitutional rights, as required to satisfy the prejudice prong.

¶ 19    According to defendant on appeal, claims that trial counsel was ineffective at sentencing are constitutional claims cognizable under the Act, as are claims that counsel was ineffective on direct appeal. While we have no qualms with either proposition, neither defendant's motion for leave to file a successive petition nor the petition attached thereto claimed that trial counsel was ineffective at sentencing or that appellate counsel was ineffective on direct appeal.

¶ 20    "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." 725 ILCS 5/122-3 (West 2016). Reviewing courts cannot excuse a defendant's waiver when, on appeal, he forwards a contention not included in his postconviction petition. *People v. Williams*, 2015 IL App (1st) 131359, ¶ 14. While courts must examine his petition with a lenient eye, a petitioner must clearly set forth the manner in which his constitutional rights were violated. See *People v. Mars*, 2012 IL App (2d) 110695, ¶ 32. Furthermore, "claims of ineffective assistance of appellate counsel cannot be inferred by postconviction appellate counsel simply because issues of trial error were not raised on direct appeal." *People v. Cole*, 2012 IL App (1st) 102499, ¶ 13. Liberal construction of a defendant's pleadings does not include recognizing "implicit" ineffective assistance of appellate counsel claims. *Id.* ¶ 14.

¶ 21    The pleading before us did not claim that counsel on direct appeal was ineffective. While defendant's initial petition did argue that appellate counsel was ineffective for failing to challenge the imposition of consecutive sentences, that is not the pleading before us. Because we cannot infer an ineffective assistance of counsel claim from this petition, defendant has failed to raise a claim of constitutional dimension. See also *People v. Williams*, 2015 IL App (1st)

131359, ¶ 22 (finding that a similarity in subject matter did not permit the reviewing court to "simply substitute defendant's argument on appeal that his *appellate* counsel was ineffective into his petition's argument that his *trial* counsel was ineffective" (emphases in original)); *People v. Reed*, 2014 IL App (1st) 122610, ¶ 61 (finding that to construe an ineffective assistance of trial counsel claim as an ineffective assistance of appellate counsel claim "would require more than a liberal construction"); *Mars*, 2012 IL App (2d) 110695, ¶¶ 31, 33 (affirming the first-stage dismissal of a postconviction petition where the petition's allegation that "defense counsel" was ineffective did not support an inferred allegation that appellate counsel was ineffective).

¶ 22    Even assuming that defendant's pleading included a claim that counsel was ineffective on direct appeal, we would still find the trial court properly denied leave to file a successive petition, as that claim would be meritless. To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced him. *People v. Murphy*, 2019 IL App (4th) 170646, ¶ 34.

¶ 23    Defendant essentially contends that codefendant's case demonstrates that the offenses here occurred in a single course of conduct, implicating subsection (a) instead of subsection (b). He also contends that he lacked the triggering offenses required to impose consecutive sentences under subsection (a). The relevant version of section 5-8-4(a) states as follows:

> "The court shall not impose consecutive sentences for offenses which were committed as part of a single course of conduct during which there was no substantial change in the nature of the criminal objective, unless, one of the offenses for which defendant was convicted was a Class X or Class 1 felony and the defendant inflicted severe bodily injury, or where the defendant was convicted of a violation of Section 12–13 or 12–14 of the Criminal Code of 1961, in which

event the court shall enter sentences to run consecutively." 730 ILCS 5/5-8-4 (West 1994).

¶ 24    Here, the jury found defendant guilty of the armed robbery of Barrett, a Class X felony. 720 ILCS 5/18-2 (West 1994). While first-degree murder is not itself a Class X or Class 1 felony, Barrett's death nonetheless occurred during the course of the armed robbery. Additionally, it is well settled that the death of the victim of a triggering offense can support section 5-8-4(a)'s severe bodily injury requirement. *People v. Causey*, 341 Ill. App. 3d 759, 772 (2003); *People v. Carney*, 327 Ill. App. 3d 998, 1002 (2002). Accordingly, consecutive sentences were appropriate under subsection (a). *People v. Harris*, 2013 IL App (1st) 120498, ¶ 37 (finding section 5-8-4(a) authorized consecutive sentences where the victim of the armed robbery was also shot).

¶ 25    Defendant also argues that because he was culpable as codefendant's accomplice, his sentences necessarily should be the same as codefendant's sentences. This ignores that defendant and codefendant were tried separately and that their convictions, albeit very similar, were not identical. To the extent that an error could have occurred in imposing concurrent sentences upon codefendant, it would not render defendant's consecutive sentences erroneous.

¶ 26    Here, defendant's consecutive sentences were proper. It follows that appellate counsel could not have been deficient for failing to challenge them on direct appeal and that defendant could not have been prejudiced by counsel's failure to do so. Because defendant could not set forth an ineffective assistance of counsel claim, he could not satisfy the prejudice prong of the cause-and-prejudice test either. Consequently, the trial court did not err by denying defendant leave to file a successive petition.

¶ 27                                   III. Conclusion

¶ 28     The trial court properly denied defendant leave to file a successive postconviction petition, as defendant did not allege that counsel on direct appeal was ineffective. Even if defendant had alleged as such, counsel was not ineffective for failing to raise a meritless issue.

¶ 29     For the foregoing reasons, we affirm the trial court's judgment.

¶ 30     Affirmed.