NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 231014-U

NO. 4-23-1014

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 14, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| TYJUAN J. BRUCE, | ) | No. 19CF14 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William A. Yoder, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The appellate court affirmed, finding the trial court did not err by summarily dismissing defendant's *pro se* postconviction petition at the first stage of postconviction proceedings.

¶ 2     Defendant, Tyjuan J. Bruce, appeals the summary dismissal of his *pro se* postconviction petition at the first stage of postconviction proceedings. Defendant argues the trial court erred by dismissing his petition because it set forth the gist of a claim that appellate counsel was arguably ineffective for not including any allegation regarding trial counsel's failure to object to the admission of a .25-caliber firearm as evidence at trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4     Following a jury trial, defendant was found guilty of two counts of first degree murder (720 ILCS 5/9-1(a)(3) (West 2018)), one count of home invasion (720 ILCS 5/19-6(a)(3)

(West 2018)), and one count of robbery (720 ILCS 5/18-1(a) (West 2018)). We discussed the evidence presented at trial extensively in our order on defendant's direct appeal. See *People v. Bruce*, 2022 IL App (4th) 200653-U, ¶¶ 11-63. We summarize only the evidence relevant to the disposition of this appeal.

¶ 5                                      A. Evidence at Trial

¶ 6             At defendant's trial, the State's case against defendant was based on circumstantial evidence defendant was part of a plot to rob Egerton Dover in the early morning of December 5, 2018. According to the State, when defendant broke into Dover's residence, Dover was shot and killed.

¶ 7                              1. *The Night Before Dover's Murder*

¶ 8             The night before Dover's murder, defendant, Hannah Newble, and Demarius Young were hanging out at Newble's apartment in the Lancaster Heights complex in Normal, Illinois. After some time, more people came over, including Anthony Grampsas, Kobe Harris, Dylan Messerole, and Curtis Hairston. When Dover showed up around midnight, Newble took him to the kitchen, where he gave her a gram of cannabis. Newble then asked Dover to leave because she did not really know or trust the people at her apartment, and she felt uncomfortable with him being around them.

¶ 9             After Dover left, defendant started making vulgar comments about him. Defendant was furious over not being given any cannabis, and both Newble and Young heard defendant make threats to rob Dover. Eventually, Grampsas and Harris took Messerole home, and when they returned, Hairston showed Young a video of himself and Messerole holding guns in the bathroom of Newble's apartment. The State's evidence showed that a video of Hairston and Messerole pointing guns at a bathroom mirror was posted to Hairston's Snapchat account

around midnight that night. Hairston posed with a Taurus G2c 9-millimeter firearm, while Messerole held a Hi-Point CF 380 firearm. In another photograph taken from Hairston's Snapchat, Hairston can be seen holding up two guns. In yet another photograph, two guns could be seen, including a Hi-Point .380-caliber firearm and a Taurus 9-millimeter firearm.

¶ 10 Between 4 a.m. and 4:30 a.m., defendant, Grampsas, Hairston, and Harris left the apartment and did not return. Before they left, Newble saw Grampsas with car keys, and Young saw defendant put what he believed was a small .22-caliber firearm in a dresser in one of the bedrooms.

¶ 11 2. *The Crime Scene and Weapons Evidence*

¶ 12 Bloomington police officers responded to Dover's residence at around 4:45 a.m. on December 5, 2018, after a reported shooting. When they arrived, the officers observed the front door of the residence kicked in and Dover shot and killed. Cannabis was found in both a bedroom and a walkway near the living room. The police also found three spent cartridge cases—two .380-caliber cartridge cases and one 9-millimeter cartridge case—in the home. Dustin Johnson, a forensic scientist at the Illinois State Police Morton Forensic Science Laboratory, later determined the two .380-caliber cartridge cases provided to him by the Bloomington Police Department were fired from the same gun. He also examined three bullets/bullet fragments and determined they were ".380/.38-class caliber" bullets and fired by the same gun. The bullets exhibited "9 lands and grooves with a left-hand twist," which is a characteristic typically unique to a .380-caliber Hi-Point firearm.

¶ 13 Police searched Newble's apartment after the shooting and located two BB guns that looked like handguns in a wooden chest in one of the bedrooms and a .25-caliber handgun in

a crevice behind the climate control system. However, police never found the weapon or weapons that killed Dover.

¶ 14                          B. Posttrial Proceedings and Sentencing

¶ 15          After the trial, defendant sent the trial court a letter, alleging he was denied the effective assistance of his trial counsel. Thereafter, the court conducted a hearing on defendant's letter. The court examined defendant, who asserted his trial counsel was ineffective because he failed to file a motion to suppress evidence of the .25-caliber firearm found in Newble's apartment. In response, counsel stated:

> "Judge, I was not aware of any basis to exclude that firearm. But in fact I don't know that I would have pursued that anyway because I argued to the jury and it was my theory that the fact that he left his gun behind at Hannah Newble's prior to leaving that night negated any evidence of his intent to participate in a robbery or anything else.
>
> So in fact I thought it was beneficial to the defense that that evidence be in. Maybe somebody can look at that and say that that wasn't the best strategy, but that was—that was my strategy and I stand by it at this point."

Ultimately, the court found defendant's ineffective assistance claim meritless because "it was trial strategy that was engaged in by counsel as opposed to neglect or ineffective assistance." The court later sentenced defendant to 45 years' imprisonment.

¶ 16                          C. Direct Appeal

¶ 17          On direct appeal, defendant argued, among other things, he was denied the effective assistance of trial counsel because counsel failed to object (1) when the State published an image of defendant wearing jail garments to the jury, (2) to the State's allegedly improper

remarks during its closing argument, and (3) to the introduction of social media records into evidence. *Bruce*, 2022 IL App (4th) 200653-U, ¶ 76. We affirmed defendant's conviction and found counsel did not render ineffective assistance. *Bruce*, 2022 IL App (4th) 200653-U, ¶ 1.

¶ 18                    D. Postconviction Proceedings

¶ 19          Defendant then filed a *pro se* postconviction petition, asserting, in relevant part, the evidence related to the .25-caliber firearm was "irrelevant and prejudicial," and "counsel was ineffective by refusing to object to such evidence and its prejudicial nature." The trial court subsequently entered a written order, finding defendant's claim "could have been raised at trial and on appeal." Ultimately, the court summarily dismissed defendant's *pro se* postconviction petition, finding it frivolous and patently without merit.

¶ 20          This appeal followed.

¶ 21                    II. ANALYSIS

¶ 22          On appeal, defendant argues the trial court erred by summarily dismissing his petition at the first stage of postconviction proceedings. Specifically, he asserts his petition set forth the gist of a claim he was denied the effective assistance of counsel where appellate counsel failed to include any allegation related to trial counsel's failure to object to the admission of the .25-caliber firearm into evidence. The State, on the other hand, contends defendant's claim of ineffective assistance of trial counsel is forfeited because it is based on matters apparent from the trial record. It further argues defendant's claim of ineffective assistance of appellate counsel is not properly before this court because it was not raised in his *pro se* postconviction petition.

¶ 23          "The Post-Conviction Hearing Act provides a three-stage procedural mechanism for a criminal defendant to challenge his or her conviction or sentence for violations of federal or state constitutional rights." *People v. Knapp*, 2020 IL 124992, ¶ 43, 181 N.E.3d 875; 725 ILCS

5/122-1 *et seq.* (West 2022)). At the first stage of postconviction proceedings, the trial court may summarily dismiss a petition upon a determination it is frivolous or patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10, 912 N.E.2d 1204, 1208-09 (2009). "[W]here *res judicata* and forfeiture preclude a defendant from obtaining relief, such a claim is necessarily 'frivolous' or 'patently without merit.' " *People v. Blair*, 215 Ill. 2d 427, 445, 831 N.E.2d 604, 616 (2005). Issues that could have been raised in a prior proceeding, but were not, are barred by the doctrine of forfeiture. *Blair*, 215 Ill. 2d at 443-44. "The summary dismissal of a postconviction petition is reviewed *de novo*." *People v. Tate*, 2012 IL 112214, ¶ 10, 980 N.E.2d 1100.

¶ 24        Here, by failing to raise it on direct appeal, defendant has forfeited his claim that his trial counsel was ineffective for failing to object to the admission of the .25-caliber firearm into evidence, as it is based entirely on matters contained in the record. See *People v. Veach*, 2017 IL 120649, ¶ 46, 89 N.E.3d 366 ("[D]efendants are required to raise ineffective assistance of counsel claims on direct review if apparent on the record."). Because the claim was not raised on direct appeal, the doctrine of forfeiture bars defendant from asserting it in postconviction proceedings, and we find the trial court properly dismissed defendant's *pro se* petition on this basis. See *Blair*, 215 Ill. 2d at 445-46.

¶ 25        In coming to this conclusion, we also reject defendant's reliance on *People v. Allen*, 2015 IL 113135, 32 N.E.3d 615, for his contention that waiver or forfeiture should be relaxed in the present case. Defendant, construing *Allen* generously, asserts it stands for the proposition that "a *pro se* postconviction claim cannot be summarily dismissed as frivolous due to some defect where the defect is fixable at the second stage." But this, to put it bluntly, is not what the supreme court held. Rather, the supreme court held that a very specific error—the failure to have an affidavit notarized—was not grounds for a first-stage dismissal. See *Allen*,

2015 IL 113135, ¶ 34. By defendant's logic, no petition could ever be dismissed at the first stage if it could be fixed by an attorney at a later stage. This would essentially render first-stage postconviction proceedings meaningless, which is clearly not the result intended, or even implied, in *Allen*.

¶ 26        That said, an exception to the forfeiture doctrine exists when "the alleged forfeiture stems from the incompetence of appellate counsel." *Blair*, 215 Ill. 2d at 450-51. Despite failing to raise any allegation regarding appellate counsel's performance in his *pro se* petition, defendant insists that, pursuant to *Hodges*, 234 Ill. 2d at 21, his petition should be "liberally construed to include a claim of ineffective assistance of appellate counsel." The First District's decision in *People v. Cole*, 2012 IL App (1st) 102499, 977 N.E.2d 1189, is instructive on this point.

¶ 27        In *Cole*, the defendant filed a *pro se* postconviction petition alleging his right to due process had been violated. *Cole*, 2012 IL App (1st) 102499, ¶ 4. The trial court summarily dismissed the petition, finding the due process claims forfeited because they could have been raised on direct appeal and were otherwise rebutted by the trial record. *Cole*, 2012 IL App (1st) 102499, ¶ 5. On appeal, the defendant argued his *pro se* petition presented the gist of two claims of ineffective assistance of appellate counsel due to appellate counsel's failure to raise the due process claims on direct appeal. *Cole*, 2012 IL App (1st) 102499, ¶ 9. The State argued the defendant was precluded from raising issues of ineffective assistance of appellate counsel on appeal from the summary dismissal of his *pro se* petition because he did not allege appellate counsel's ineffectiveness in his petition. *Cole*, 2012 IL App (1st) 102499, ¶ 10. In reply, the defendant asked the court to liberally construe his petition to find it gave rise to an implicit claim of ineffective assistance of appellate counsel. *Cole*, 2012 IL App (1st) 102499, ¶ 11.

¶ 28    Ultimately, the First District rejected the defendant's argument that " 'implicit' claims of ineffective assistance of appellate counsel fall within the 'liberal construction' mandate for review of *pro se* postconviction petitions." *Cole*, 2012 IL App (1st) 102499, ¶ 14. In doing so, the appellate court noted our supreme court "made clear that claims not raised in the defendant's postconviction petition may not be raised for the first time on appeal from the [trial] court's dismissal of that petition." *Cole*, 2012 IL App (1st) 102499, ¶ 13. Thus, because the defendant failed to raise any allegations concerning appellate counsel's allegedly deficient performance in his postconviction petition, he was precluded from asserting for the first time on appeal claims of ineffective assistance of appellate counsel that were not ruled upon by the trial court. *Cole*, 2012 IL App (1st) 102499, ¶ 16. Just like the defendant in *Cole*, the contentions raised in defendant's *pro se* petition do not support a claim of ineffective assistance of appellate counsel, and he is barred from asserting it now for the first time on appeal.

¶ 29    In short, defendant's claim regarding trial counsel's ineffectiveness is forfeited because it could have been raised on direct appeal. Further, defendant's forfeiture of the issue of trial counsel's effectiveness is not excused by the claim of ineffective assistance of appellate counsel, raised for the first time in his appellate brief, where defendant's *pro se* petition contained no allegations related to appellate counsel's performance. Thus, the trial court did not err in summarily dismissing defendant's postconviction petition. See *Hodges*, 234 Ill. 2d at 10.

¶ 30                                III. CONCLUSION

¶ 31    For all these reasons, we affirm the trial court's judgment.

¶ 32    Affirmed.