# Illinois Official Reports

## Supreme Court

*People v. Hommerson*, 2014 IL 115638

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. PETER HOMMERSON, Appellant. |
| Docket No. | 115638 |
| Filed | January 24, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The absence of the statutorily required verification affidavit from a postconviction petition is a procedural defect not to be dealt with until the second stage of the proceeding; this defect does not support a first-stage dismissal of a petition as frivolous or patently without merit. |
| Decision Under Review | Appeal from the Appellate Court for the Second District; heard in that court on appeal from the Circuit Court of Lake County, the Hon. John T. Phillips, Judge, presiding. |
| Judgment | Judgments reversed. |

| Counsel on Appeal | Michael J. Pelletier, State Appellate Defender, Thomas A. Lilien, Deputy Defender, and Kathleen J. Hamill, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Elgin, for appellant. |
|---|---|
| | Lisa Madigan, Attorney General, of Springfield (Michael A. Scodro, Solicitor General, and Michael M. Glick and Brian McLeish, Assistant Attorneys General, of Chicago, of counsel), for the People. |
| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

## OPINION

¶ 1    Petitioner Peter Hommerson filed a postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), alleging violations of his constitutional rights based on his trial counsel's deficient performance. The circuit court of Lake County summarily dismissed the petition because it did not contain a verification affidavit. A divided appellate panel affirmed the summary dismissal. 2013 IL App (2d) 110805.

¶ 2    This court allowed petitioner's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Feb. 26, 2010). For the following reasons, we reverse the judgments of the circuit and appellate courts.

¶ 3                              I. BACKGROUND

¶ 4    Following a jury trial in 2008, petitioner was convicted of two counts of first degree murder and sentenced to a term of natural life in prison. His convictions and sentence were affirmed on direct appeal. *People v. Hommerson*, 399 Ill. App. 3d 405 (2010). In 2011, petitioner filed a *pro se* postconviction petition alleging ineffective assistance of trial counsel. The petition did not contain a verification affidavit pursuant to section 122-1(b) of the Act (725 ILCS 5/122-1(b) (West 2010)). The circuit court dismissed the petition solely on that basis. The appellate court affirmed the summary dismissal, concluding that a petition lacking a verification affidavit was frivolous and patently without merit and could be summarily dismissed. 2013 IL App (2d) 110805, ¶ 11. The dissenting justice characterized petitioner's failure to include a verification affidavit as a nonjurisdictional procedural defect, which should not be a basis for summary dismissal. *Id.* ¶ 24 (Burke, P.J., dissenting). Petitioner now appeals

to this court.

¶ 5                                   II. ANALYSIS

¶ 6        Petitioner contends on appeal that the lack of a verification affidavit is an improper basis to summarily dismiss a postconviction petition. Resolution of this issue requires the interpretation of section 122-1(b) of the Act. Our primary objective in construing a statute is to give effect to the intention of the legislature. *People v. Blair*, 215 Ill. 2d 427, 442 (2005). To ascertain the legislature's intent, we may consider the language of the statute as well as the purpose and the necessity for the law, the evils sought to be remedied and the goals to be achieved. *Id*. at 443. We review the dismissal of a postconviction petition *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 389 (1998).

¶ 7        The Act provides a three-stage process for adjudicating postconviction petitions. At the first stage, the circuit court determines whether the petition is "frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2010). The court makes an independent assessment as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). The court considers the petition's "substantive virtue" rather than its procedural compliance. *Id*. at 102. If the court determines the petition is frivolous or patently without merit, the court dismisses the petition. 725 ILCS 5/122-2.1(a)(2) (West 2010). If the petition is not dismissed, it will proceed to the second stage.

¶ 8        At the second stage, the court may appoint counsel to represent an indigent defendant, and counsel may amend the petition if necessary. *Boclair*, 202 Ill. 2d at 100. The State may then file a motion to dismiss the petition. 725 ILCS 5/122-5 (West 2010). If the State does not file a motion to dismiss or if the court denies the State's motion, the petition will proceed to the third stage and the court will conduct an evidentiary hearing on the merits of the petition. 725 ILCS 5/122-6 (West 2010).

¶ 9        The verification affidavit requirement in section 122-1(b) of the Act provides in part that "[t]he proceeding shall be commenced by filing with the clerk of the court in which the conviction took place a petition (together with a copy thereof) verified by affidavit." 725 ILCS 5/122-1(b) (West 2010). The verification affidavit, "like all pleading verifications, confirms that the allegations are brought truthfully and in good faith." *People v. Collins*, 202 Ill. 2d 59, 67 (2002).

¶ 10       In addressing petitioner's claim that summary dismissal of his petition was improper, we are guided by the principles set forth in *Boclair*. In *Boclair*, we considered whether an untimely petition could be dismissed solely on that basis at the first stage of proceedings. We held that the issue of timeliness should be left for the State to assert during the second stage of proceedings. *Boclair*, 202 Ill. 2d at 102. We explained that, at the first stage of proceedings, the court should only determine whether the petition alleges constitutional deprivations. *Id*. Our reasoning was based on section 122-2.1(a)(2) of the Act, which provides that the court may dismiss a petition at the initial stage only if the petition is deemed frivolous or patently without merit, not if it is untimely filed. *Id*. at 100. We further reasoned that had the legislature intended for a trial judge to *sua sponte* dismiss a petition as being untimely, it would have so

provided in section 122-2.1(a)(2) of the Act. *Id.* at 100-01. Additionally, we noted that because the timeliness and frivolousness provisions were contained in separate sections of the Act, the legislature therefore intended to draw a distinction between them. *Id.* at 101.

¶ 11 Here, we similarly hold that the circuit court may not dismiss a petition at the first stage of proceedings solely on the basis that it lacked a verification affidavit. Allowing a trial judge to *sua sponte* dismiss a petition on that ground conflicts with our prior holdings that, at the first stage of proceedings, the court considers the petition's substantive virtue rather than its procedural compliance. It is also at odds with a first-stage determination of whether the petition's allegations set forth a constitutional claim for relief. Additionally, as with timeliness, the provision that includes the verification affidavit requirement is in a separate section from the frivolousness provision of the Act, therefore evincing legislative intent to draw a distinction between them. Any deficiency in compliance with section 122-1(b)'s verification affidavit requirement may be objected to by the State in a motion to dismiss at the second stage of proceedings. See *People v. Cruz*, 2013 IL 113399 (State's failure to object to postconviction petition's lack of a notarized verification affidavit was forfeited and could not be raised on appeal). Accordingly, the verification affidavit requirement is neither rendered surplusage nor eviscerated by this decision.

¶ 12 Further, our holding is consistent with the legislature's intent in passing the Act. The purpose of the Act is to provide incarcerated individuals with a means of asserting that their convictions were the result of a substantial denial of their constitutional rights. 725 ILCS 5/122-1(a) (West 2010). Construing the statute as requiring a verification affidavit at the first stage of proceedings frustrates the legislature's intent to provide incarcerated individuals with this avenue of redress.

¶ 13 We disagree with the State's suggested remedy of a "pre-second stage dismissal." The State argues we should permit circuit courts, "in lieu of first stage review," to dismiss a petition lacking a proper verification affidavit, without prejudice, with leave to refile a petition in conformance with the Act within a specified time period. However, we believe that doing so would elevate a petition's form over substance and would ignore this court's directive in *Boclair* to consider the petition's "substantive virtue" rather than its procedural compliance. Moreover, such an approach would require us to read language into the statute that the legislature did not include, which we may not do. *People v. Ellis*, 199 Ill. 2d 28, 39 (2002).

¶ 14 Here, petitioner's postconviction petition lacked a verification affidavit.[1] That deficiency is properly the subject of a motion to dismiss at the second stage of proceedings. Accordingly, since we find the circuit court's dismissal and the appellate court's affirmance of that dismissal to be in error, we reverse those judgments and remand the cause to the circuit court for second-stage postconviction proceedings. See 725 ILCS 5/122-2.1 (West 2010) (within 90 days after the filing and docketing of each petition, if the petition is not dismissed as frivolous or patently without merit, it shall be docketed for further proceedings).

---

[1]The petition did contain several affidavits pursuant to section 122-2 (725 ILCS 5/122-2 (West 2010)) of the Act, which are not at issue here.

- 4 -

¶ 15                           III. CONCLUSION

¶ 16        For the aforementioned reasons, we reverse the judgments of the circuit court of Lake County and the appellate court, and remand the cause to the circuit court for second-stage proceedings.

¶ 17        Judgments reversed.