# Illinois Official Reports

## Appellate Court

---

**People v. McCoy, 2014 IL App (2d) 100424-B**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL K. McCOY, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0424 |
| Filed | September 29, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where the appellate court initially affirmed the dismissal of defendant's postconviction petition on the ground that the petition lacked a proper verification and the Illinois Supreme Court ordered the appellate court to vacate the affirmance and reconsider the appeal in light of the holding in *Hommerson* that the lack of a proper verification is not a permissible basis for a first-stage dismissal, the appellate court held that the petition was substantively frivolous and patently without merit and again affirmed the first-stage dismissal, since the allegations that defendant was denied effective assistance of counsel, that the police lacked proper evidence, misplaced or overlooked evidence and coerced his guilty plea, that the State's Attorney manufactured evidence, and that law enforcement officers broke into the apartment of defendant's wife and told her that their children would grow up in foster homes if she did not provide a statement they wanted had to be considered totally meritless, especially when those allegations contradicted defendant's responses to the court's questions at his plea hearing. |
| Decision Under Review | Appeal from the Circuit Court of Boone County, No. 07-CF-524; the Hon. Fernando L. Engelsma, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Thomas A. Lilien and Bruce Kirkham, both of State Appellate Defender's Office, of Elgin, for appellant.

Michelle J. Courier, State's Attorney, of Belvidere (Lawrence M. Bauer and Victoria E. Jozef, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Schostok and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Daniel K. McCoy, appealed the first-stage dismissal of his petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)); he asserted that he stated the gist of a claim of ineffective assistance of counsel and that the dismissal was thus error. The State responded that defendant did not properly verify the petition and that dismissal was therefore mandatory. We agreed and affirmed the dismissal. *People v. McCoy*, 2011 IL App (2d) 100424. The supreme court has now ordered us to vacate the affirmance and reconsider the appeal in light of *People v. Hommerson*, 2014 IL 115638, in which it held that the lack of a proper verification is not a permissible basis for a first-stage dismissal. *People v. McCoy*, No. 113490 (Ill. Mar. 26, 2014) (supervisory order). We now hold that defendant's petition was substantively frivolous and patently without merit. We therefore affirm the dismissal.

¶ 2                                I. BACKGROUND

¶ 3    A grand jury indicted defendant on a count of armed robbery (720 ILCS 5/18-2(a) (West 2006)) (the taking at knifepoint of $65, a large stuffed-crust pizza, and an order of hot wings) and two counts of burglary (720 ILCS 5/19-1(a) (West 2006)). The court accepted a negotiated guilty plea from defendant on September 26, 2008. At that hearing, the court asked defendant whether, to induce him to accept the plea agreement, anyone had made any promises other than those in the plea agreement or had done anything to coerce him. Defendant agreed that there had been no additional promises or coercion. For its part, the State dismissed the burglary counts. The court sentenced defendant to 10 years' imprisonment. He later filed a "Motion for Reduction of Sentence" that the court properly denied as untimely. We dismissed his appeal. See *People v. McCoy*, No. 2-09-0068 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4    On January 26, 2010, defendant filed a petition under the Act. In it, he asserted five claims.

¶ 5    First was a claim of ineffective assistance of counsel. Most of the facts defendant alleged were failures to review evidence and interview potential witnesses. Read charitably, these could be taken to suggest that counsel conveyed to defendant that counsel was not prepared to present exculpatory evidence at trial despite its existence. Further, defendant alleged, "[counsel] led [him] to believe, that if [he] didn't plead guilty, the detectives [were] going to incarcerate [his] wife for harboring a fu[g]itive and [the Department of Children and Family Services (DCFS) would] take our children."[1]

¶ 6    Second was a claim of denial of due process based on an assertion that the police lacked proper evidence against him. Read *very* charitably, these allegations could be taken to assert that the police coerced defendant's guilty plea by exerting improper pressure on witnesses to make statements implicating him. Defendant asserted that he had given counsel letters from two witnesses in which they recanted statements they had made to the police and described pressure placed on them to make false statements.

¶ 7    Third was "[t]he misplac[ing] and overlooking of evidence." Defendant implied that the misconduct was on the part of the police or the State's Attorney.

¶ 8    Fourth was prosecutorial misconduct. This claim was based on the assertion that the State's Attorney was aware of the manufacturing of evidence.

¶ 9    Fifth was misconduct by law-enforcement officers. Defendant again alleged that officers pressured witnesses to give false statements. In particular, officers broke into his wife's apartment, made sexually harassing remarks, and told her that "our children would grow up in foster homes if she didn't write her Statement the way they wanted it."

¶ 10   He attached a verification page that he signed but did not have notarized. The next page, however, is his properly notarized affidavit.

¶ 11   The court summarily dismissed the petition as without an arguable basis in law or fact; the court ruled that defendant's allegations, if taken as true, did not establish substandard performance. Defendant timely appealed.

¶ 12                                    II. ANALYSIS

¶ 13   On appeal, defendant asserts that his petition stated the gist of a claim that counsel was ineffective. The State asserts that the petition's lack of proper verification is a sufficient basis to affirm the dismissal. Alternatively, it asserts (1) that defendant has failed to overcome the presumption of sound strategy that attached to counsel's choices, (2) that his claim of coercion is contradicted by his statement at the plea hearing that no one had made any undisclosed promises or threats to him, and (3) that his claim that counsel failed to investigate possible witnesses fails because defendant did not provide affidavits from those witnesses showing what they would have told counsel.

¶ 14   We originally agreed with the State that the absence of a proper verification was a sufficient basis to affirm the dismissal. However, now, based on the rule in *Hommerson*, we must reject that conclusion. Section 122-1(b) of the Act provides that "[t]he proceeding shall be commenced by filing *** a petition *** verified by affidavit." 725 ILCS 5/122-1(b) (West 2010). This court has held that affidavits associated with petitions under the Act must be

---

[1]The statute on harboring, concealing, or aiding a fugitive as then written did not allow prosecution of a spouse. 720 ILCS 5/31-5 (West 2006).

- 3 -

notarized to be valid. *People v. Niezgoda*, 337 Ill. App. 3d 593, 597 (2003). Defendant's verification was not notarized. However, at the first stage, the trial court must "consider[ ] the petition's 'substantive virtue' rather than its procedural compliance," and proper verification is a matter of procedural compliance only. *Hommerson*, 2014 IL 115638, ¶¶ 7, 11. Lack of notarized verification is thus not a basis for a first-stage dismissal. *Hommerson*, 2014 IL 115638, ¶ 11.

¶ 15    We now turn to the merits of defendant's claims. We conclude that they lack merit. "[A] *pro se* petition seeking postconviction relief under the Act for a denial of constitutional rights may be *** dismissed [at the first stage] as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact." *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009). A *pro se* petition can be sufficient to survive first-stage dismissal "even if the petition lacks formal legal arguments or citations to legal authority." *Hodges*, 234 Ill. 2d at 9. Moreover, the supreme court has "required only that a *pro se* defendant allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act." *Hodges*, 234 Ill. 2d at 9. Our review of a first-stage dismissal is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 16    The standard for a claim of ineffective assistance of counsel in a guilty-plea setting is that of *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984): the "defendant must establish that counsel's performance fell below an objective standard of reasonableness and the defendant was prejudiced by counsel's substandard performance." *People v. Hall*, 217 Ill. 2d 324, 335 (2005). "An attorney's conduct is deficient if the attorney failed to ensure that the defendant's guilty plea was entered voluntarily and intelligently." *Hall*, 217 Ill. 2d at 335. "To establish the prejudice *** the defendant must show there is a reasonable probability that, absent counsel's errors, the defendant would have pleaded not guilty and insisted on going to trial." *Hall*, 217 Ill. 2d at 335. Doing this requires that "the defendant's claim *** be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial." *Hall*, 217 Ill. 2d at 335-36. "[P]rejudice to [the defendant] is *** measured by the likelihood that his plea was induced by [counsel's] deficiency." *People v. Robinson*, 157 Ill. App. 3d 622, 627 (1987).

¶ 17    The general rule is that a defendant must support a petition's allegations by attaching affidavits, records, or other evidence, or else explain the absence of such evidence, and that the unexplained absence of such evidence is fatal to the petition. *People v. Collins*, 202 Ill. 2d 59, 66-67 (2002). An exception to this rule is that, where a defendant's claims are based on what occurred in consultations between the defendant and his attorney, no explicit explanation for the lack of such evidence is necessary. *Hall*, 217 Ill. 2d at 333-34; see also *People v. Williams*, 47 Ill. 2d 1, 4 (1970).

¶ 18    The rule in *Hall* and *Williams*–that a defendant need not provide independent support for a claim grounded in statements between defense counsel and the defendant–is not relevant to the portion of defendant's claim that was grounded in allegations that counsel failed to seek out exculpatory evidence. Defendant implied that counsel's behavior led defendant to believe that he could not have a fair trial that presented all the available exculpatory evidence. However, no prejudice to defendant could have existed unless exculpatory evidence did exist. Defendant has failed to provide such evidence, so this portion of the claim must fail. See *People v. Jones*, 399 Ill. App. 3d 341, 371 (2010) (a claim that counsel was ineffective for failing to call a witness must be supported by that witness's affidavit). Further, in terms of prejudice, defendant failed to allege that he would have pled not guilty and insisted on going to trial. The factual basis for

defendant's plea reflects that the codefendant would have testified to defendant's participating in the crime. In addition, without the plea agreement, defendant would have faced the two separate burglary charges that were dismissed as part of the plea agreement. The record simply belies any assertion that defendant would not have pled guilty.

¶ 19 The remaining part of defendant's claim is that "[counsel] led [him] to believe that, if [he] didn't plead guilty, the detectives [were] going to incarcerate [his] wife for harboring a fu[g]itive and [DCFS would] take our children." This allegation cannot be understood as anything but a claim of a coerced guilty plea. The State is correct to argue that defendant's statement at the plea hearing–that no one coerced him–contradicts this portion of his ineffective-assistance claim. A postconviction petition that, without explanation, contradicts a defendant's responses to the court's questions concerning the voluntariness of the plea must be treated as meritless. See *Robinson*, 157 Ill. App. 3d at 629 ("If a plea of guilty is to have any binding effect *** [the] admonitions given by the circuit court *** and acknowledged by petitioner must be held to overwhelm [the] petitioner's current assertion that he entered his plea involuntarily."). Thus, this claim is without merit.

¶ 20                                III. CONCLUSION
¶ 21 For the reasons stated, we affirm the dismissal of defendant's postconviction petition.

¶ 22 Affirmed.