2022 IL App (2d) 200733-U
No. 2-20-0733
Order filed August 16, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 08-CF-2133 10-CF-2636 |
| JUSTIN L. BARTLETT, | ) ) | Honorable Brendan A. Maher, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Schostok and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred in its second-stage dismissal of defendant's postconviction petition alleging ineffectiveness of plea counsel where defendant made a substantial showing that (1) counsel performed deficiently by providing the presentence investigator false information that defendant was arrested as a juvenile for a sex offense; and (2) it was reasonably probable that, but for that false information, the trial court would have imposed a lower sentence.

¶ 2   Defendant, Justin L. Bartlett, appeals from an order of the circuit court of Winnebago County granting the State's motion to dismiss his second amended petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)), which sought a new

sentencing hearing for his convictions of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2), (d)(1)(F) (2010)), unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2010)), possession of firearm ammunition without a firearms owner identification (FOID) card (430 ILCS 65/2(a)(2) (West 2010)) (all in case No. 10-CF-2636), and aggravated battery (720 ILCS 5/12-4(b)(18) (West 2008)) (in case No. 08-CF-2133). Defendant argues that his petition made a substantial showing of a violation of his right to effective assistance of counsel during sentencing. We reverse and remand for further proceedings under the Act.

¶ 3                                    I. BACKGROUND

¶ 4      On September 4, 2008, defendant pleaded guilty in case No. 08-CF-2133 to a single count of aggravated battery and was sentenced to a two-year term of probation. On May 24, 2010, the State filed a petition to revoke probation, alleging that defendant committed the offense of unlawful possession of cannabis (720 ILCS 550/4(c) (West 2008)). On August 27, 2010, defendant was charged by information in case No. 10-CF-2636 with two counts of aggravated DUI (625 ILCS 5/11-501(a)(1), (a)(2), (d)(1)(F) (West 2010)). That same day, the State filed a second petition to revoke probation in case No. 08-CF-2133. This petition was based on the charges in case No. 10-CF-2636. On September 15, 2010, a Winnebago County grand jury returned a superseding indictment in case No. 10-CF-2636, charging defendant with (1) two counts of aggravated DUI; (2) two counts of unlawful possession of a weapon by a felon; (3) two counts of reckless homicide (720 ILCS 5/9-3(a) (West 2010)); and (4) one count of possession of a firearm without a FOID card plus one count of possession of firearm ammunition without a FOID card (430 ILCS 65/2(a)(1), (a)(2) (West 2010)).

¶ 5      On March 23, 2011, defendant entered his guilty plea in case No. 10-CF-2636 to charges of aggravated DUI, unlawful possession of a weapon by a felon, and possession of firearm

ammunition without a FOID card. In exchange for his plea, the other charges were nol-prossed, but there was no agreement as to sentencing. Defendant also admitted to the allegations of the second petition to revoke probation in case No. 08-CF-2133. Defendant was represented by attorney Kunal Kulkarni.

¶ 6    The prosecutor recited the following factual basis for defendant's plea in case No. 10-CF-2636. At approximately midnight on May 26, 2010, Winnebago County sheriff's deputies were dispatched to the scene of an accident at the intersection of Newburg Road and South Perryville Road. The two vehicles involved were: (1) a black Honda Civic with heavy driver's-side damage, driven by Christopher Krenzer; and (2) a purple Chrysler Sebring with heavy front-end damage, driven by defendant. Krenzer died from his crash-related injuries. Witnesses estimated that the Chrysler was traveling east on Newburg Road at over 100 miles per hour when it ran a red light at the intersection with South Perryville Road and struck the Honda. Crash reconstruction conducted by the Winnebago County Sheriff's Department established that the Chrysler was traveling between 93 and 104 miles per hour at impact. Defendant was transported to a hospital for medical treatment. Testing performed in conjunction with defendant's medical treatment revealed a blood alcohol concentration of 0.159. Testing of defendant's blood and urine by the Illinois Police Crime Lab revealed a blood alcohol concentration of 0.115 and the presence of tetrahydrocannabinol (THC) metabolite. A search of the Chrysler pursuant to a warrant led to the discovery of a .22-caliber semiautomatic pistol and .22-caliber ammunition in the Chrysler's center console. Defendant had previously been convicted of aggravated battery in case No. 08-CF-2133.

¶ 7    After accepting defendant's guilty plea and admission to the petition to revoke, the trial court ordered the preparation of a presentence investigation report (PSI). The PSI showed that defendant was born on January 8, 1990. While a juvenile, he .admitted to unlawful possession of

cannabis and criminal damage to property as alleged in a delinquency petition and was placed on probation. The State later filed a petition to revoke defendant's probation alleging, *inter alia*, that he committed the offenses of burglary, possession of stolen property, unlawful consumption of alcohol, and unlawful possession of drug paraphernalia. He admitted the allegations, and his probation was extended. The State later filed another petition to revoke probation alleging, *inter alia*, that defendant violated an order of protection. He again admitted the allegations, and his probation was again extended. The State once again petitioned to revoke probation, alleging that defendant (1) failed to report to his probation officer, (2) was "beyond the control of his parents" and broke "house rules," (3) did not comply with the conditions of the Treatment Alternatives to Street Crime program, and (4) admitted using THC. Defendant was ordered to serve 10 days in the Winnebago County Juvenile Detention Center and was discharged unsuccessfully from probation.

¶ 8    The PSI also reflected that, as an adult, defendant had been placed on supervision for driving under the influence of drugs and had convictions of, *inter alia*, "[m]inor [d]rinking," violating an order of protection, and driving on a suspended license.

¶ 9    The PSI described defendant's family relationships as dysfunctional and noted a family history of criminality, substance abuse, and mental health issues. Defendant had once been diagnosed with bipolar disorder and attention deficit hyperactivity disorder. He reported two suicide attempts. Because of drug use and gang involvement, he dropped out of high school before finishing ninth grade. However, he earned a GED. He suffered from alcohol and marijuana dependence. He enrolled in several treatment programs but failed to complete them.

¶ 10    An addendum to the PSI included victim impact statements prepared by Christopher Krenzer's friends, his girlfriend, and members of his family. Kulkarni submitted a second

addendum to the PSI. This consisted of information prepared by Northwest Community Hospital, where defendant received residential care from January 24, 2007, to February 22, 2007. According to the second addendum, defendant had been arrested at age 12 for propositioning a 9-year-old boy to allow defendant to perform oral sex on him. According to the PSI's second addendum, defendant "was charged as a sexual offender[,] and was sentenced to counseling, 2 years of probation[,] and was expelled from school. This is when he began school at East Capitol."

¶ 11    During argument at the sentencing hearing, the following exchange occurred:

"[MS. DEHN-MILLER (ASSISTANT STATE'S ATTORNEY)]: [T]he defense has submitted in the second addendum to the presentence report some medical records, but also one of those records that was submitted reports that the defendant was arrested at age twelve for propositioning another boy who was nine years old to allow the defendant to perform oral sex on him.

MR. KULKARNI: Object.

THE COURT: Sorry?

MR. KULKARNI: What part?

MS. DEHN-MILLER: It's in the second addendum that you submitted.

MR. KULKARNI: I didn't see it.

THE COURT: First page under history.

MS. DEHN-MILLER: Under the records.

THE COURT: History of present illness and past history, halfway through it.

(Whereupon a discussion was had of the record.)

MS. DEHN-MILLER: And to continue, to allow the defendant to perform oral sex. He was charged as a sex offender and was sentenced to counseling, two years of probation, and was expelled from school.

I think this gives the court a good insight into the fact that this defendant while young has been involved in the criminal justice system rather extensively and is a repeat offender."

¶ 12    In imposing sentence, the trial court explained that it had considered the PSI and both addenda to the PSI. The court noted defendant's delinquency adjudication for possession of cannabis and criminal damage to property and his admissions to revocation petitions alleging burglary, possession of stolen property, unlawful consumption of alcohol, and unlawful possession of drug paraphernalia. The court did not mention the sex offense noted in the PSI's second addendum. The court explained that defendant's "history of criminal activity and delinquency is certainly a huge factor in aggravation." The court also observed that the PSI showed "pretty much [defendant's] utter failure at treatment" despite his "numerous treatment opportunities." Additionally, the court considered the seriousness of the offense, noting, in particular, the speed at which defendant's vehicle was traveling when it "barrel[ed] through an intersection with a red light *** basically[ ] crushing" the victim's vehicle. In case No. 10-CF-2636, the court sentenced defendant to concurrent prison terms of 12 years for aggravated DUI, 8 years for unlawful possession of a weapon by a felon, and 5 years for possession of firearm ammunition without a FOID card. In case No. 08-CF-2133, the trial court sentenced defendant to a prison term of three years and six months to be served consecutively to the sentences in case No. 10-CF-2636.

¶ 13    Kulkarni subsequently filed a motion to withdraw defendant's plea, alleging that it "was not knowingly and intelligently given" and that defendant "was not cognizant that he could [be]

sentenced consecutively on his admission of probation violation and Aggravated DUI." Shortly thereafter, a new attorney, Glenn J. Jazwiec, entered an appearance for defendant. Jazwiec filed an amended petition to withdraw defendant's plea, alleging, *inter alia*, that Kulkarni led defendant to believe that he would receive a sentence of no longer than seven years' imprisonment. The trial court denied the motion, and defendant appealed. Because Jazwiec had not filed a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), we vacated the denial of the motion and remanded for (1) the filing of a proper certificate, (2) the opportunity to file a new motion to withdraw the guilty plea and/or reconsider the sentence, and (3) a new motion hearing. *People v. Bartlett*, Nos. 2-12-1241 & 2-12-1242, cons. (Feb. 4, 2014) (minute order).

¶ 14    On remand, defense counsel filed a Rule 604(d) certificate, and defendant stood on his original motion. The trial court recognized that possession of firearm ammunition without a FOID card was a misdemeanor and, therefore, reduced defendant's sentence on that conviction to 364 days' imprisonment. In all other respects the trial court denied defendant's motion. We affirmed the denial. *People v. Bartlett*, 2015 IL App (2d) 141078-U.

¶ 15    On December 13, 2016, defendant filed a *pro se* petition under the Act, to which he attached his own affidavit. Defendant averred that, when the prosecutor mentioned that defendant was convicted of a sex crime as a juvenile, was sentenced to counseling, and was expelled from school, he immediately told Kulkarni that everything the prosecutor said was untrue. Kulkarni objected, and the trial court held a sidebar. After the sidebar, defendant asked Kulkarni what had happened. Kulkarni responded that everything was " 'okay.' "

¶ 16    Defendant later retained attorney Patrick Braun to represent him. The trial court docketed the petition for further proceedings under the Act. Braun twice amended the petition. The first amended petition included another affidavit from defendant. Defendant averred that the PSI's

second addendum misreported where he lived and what school he attended. More significantly, defendant claimed that, contrary to the PSI's second addendum, he had never been arrested for a sex offense and never been sentenced to probation or counseling or expelled from school based on the commission of a sex offense. Defendant further stated that Kulkarni never reviewed the information in the PSI's second addendum with defendant before the sentencing hearing.

¶ 17    The second amended postconviction petition claimed that defendant received ineffective assistance of counsel from Kulkarni in that he "allowed to be submitted inaccurate information at the sentencing hearing that was relied upon by the court in sentencing [defendant]." The second amended petition incorporated defendant's previously-filed affidavits.

¶ 18    The State moved to dismiss the petition. The trial court granted the motion, and this appeal followed.

¶ 19                                    II. ANALYSIS

¶ 20    We begin with a summary of the principles governing proceedings under the Act. As our supreme court explained in *People v. Hommerson*, 2014 IL 115638, ¶¶ 7-8:

> "The Act provides a three-stage process for adjudicating postconviction petitions. At the first stage, the [trial] court determines whether the petition is 'frivolous or is patently without merit.' [Citation.] The court makes an independent assessment as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. [Citation.] The court considers the petition's 'substantive virtue' rather than its procedural compliance. [Citation.] If the court determines the petition is frivolous or patently without merit, the court dismisses the petition. [Citation.] If the petition is not dismissed, it will proceed to the second stage.

At the second stage, the court may appoint counsel to represent an indigent defendant, and counsel may amend the petition if necessary. [Citation.] The State may then file a motion to dismiss the petition. [Citation.] If the State does not file a motion to dismiss or if the court denies the State's motion, the petition will proceed to the third stage and the court will conduct an evidentiary hearing on the merits of the petition. [Citation.]"

¶ 21 "At [the second] stage, the [trial] court must determine whether the petition and any accompanying documentation make a 'substantial showing of a constitutional violation.' " *People v. Domagala*, 2013 IL 113688, ¶ 33 (quoting *People v. Edwards*, 197 Ill. 2d 239, 246 (2001)). Furthermore, "the inquiry in [a postconviction] proceeding is limited to allegations of constitutional violations that were not and could not have been raised previously." *People v. Vilces*, 321 Ill. App. 3d 937, 940 (2001). "Rulings on issues that were raised on direct appeal are *res judicata,* and issues that could have been raised, but were not, are waived." *Id.* We review *de novo* the second-stage dismissal of a postconviction petition. *People v. Johnson*, 2017 IL 120310, ¶ 14.

¶ 22 In his second amended petition, defendant argued that he received ineffective assistance of counsel during sentencing. Ineffectiveness claims are evaluated under the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984), which requires a showing that counsel's performance "fell below an objective standard of reasonableness" and that the deficient performance was prejudicial in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

¶ 23 Defendant argues that Kulkarni performed deficiently by submitting the PSI's second addendum, which contained false and prejudicial information that, as a juvenile, defendant committed a sex offense against a younger child. Defendant contends that there is a reasonable

probability that, because of Kulkarni's deficient performance, his sentence was longer than it otherwise would have been.

¶ 24    In its motion to dismiss the petition, the State argued that defendant waived his ineffectiveness claim by failing to raise it on direct appeal.  The trial court agreed.  Defendant insists that he did not waive his claim.  It is well established that a claim is not barred by *res judicata* or *waiver* if "facts relating to the claim do not appear on the face of the original appellate record."  *People v. Pellegrini*, 2019 IL App (3d) 170827, ¶ 49.  Defendant argues that the record on direct appeal did not establish (1) the falsity of the information in the PSI's second addendum that defendant was arrested for a sex offense or (2) that defendant advised Kulkarni that the information was false.

¶ 25    Special waiver principles apply here because defendant pled guilty.  Rule 604(d) provides in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.
>
> * * *
>
> *** *Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived*."  (Emphasis added.)  Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Significantly, our supreme court has held that Rule 604(d)'s waiver rule "applies to post-conviction proceedings as well as to appeals."  *People v. Stewart*, 123 Ill. 2d 368, 374 (1988).

¶ 26    As the State argues, here the significant facts underlying the ineffectiveness claim—the falsity of the information in the PSI's second addendum and Kulkarni's knowledge thereof—were available to defendant when he filed his postplea motion. Nonetheless, we are persuaded that Kulkarni's alleged ineffectiveness contributed to defendant's failure to raise the issue in his postplea motion and that, therefore, his waiver should be excused. At sentencing, when the prosecutor noted that the PSI's second addendum referenced defendant's arrest for a sex offense, Kulkarni objected and the trial court held a sidebar. After the sidebar concluded, Kulkarni advised defendant off the record that the situation was " 'okay.' " To be sure, when the prosecutor again referenced the sex offense in continuing her argument, defendant perhaps should have suspected something was amiss. Nonetheless, we agree with defendant that he "cannot be faulted for relying on his attorney's advice that the disclosure of the incorrect information had been resolved or be expected to have had some independent legal knowledge with regard to his sentencing rights." Under these circumstances, the rule of waiver should be relaxed.

¶ 27    We next consider whether defendant's second amended petition made a substantial showing that Kulkarni provided ineffective assistance. Defendant argues, in essence, that Kulkarni rendered deficient performance by submitting untrue and prejudicial information to the trial court. Defendant contends that Kulkarni submitted the PSI's second addendum without familiarizing himself with its contents or verifying its accuracy. Moreover, once made aware of the inaccuracy, he objected yet failed to obtain a ruling on his objection on the record.

¶ 28    The State makes no serious attempt to defend Kulkarni's allegedly deficient performance, but it argues that no prejudice resulted. Accordingly, we turn to the parties' arguments on the prejudice prong of the *Strickland* test. Defendant contends that he made a substantial showing of prejudice, *i.e.*, a reasonable probability that, but for counsel's submission of false information that

defendant committed a sex offense as a juvenile, defendant would have received a lower sentence. Defendant notes that the State specifically argued that the sex offense was a factor in aggravation. Defendant further argues that the trial court "put substantial weight on [defendant's] juvenile record, in which the inaccurate sex allegation was arguably the most serious offense." Defendant adds that the trial court expressly stated that it had considered the PSI's second addendum. According to defendant, "[n]othing in the record refutes the fact that the [trial court] seemingly allowed the allegation [that defendant committed a sex offense as a juvenile], to remain on the record, the State to argue it, and for it to be considered in handing down the sentence." The State responds that the trial court's decision "was focused on the combination of the facts of the offenses, and the defendant's history in the criminal justice system, including his prior offenses, his failure to comply with probation requirements, his failure to take advantage of treatment opportunities and his lack of empathy." The State notes that the trial court never specifically mentioned the sex offense described in the PSI's second addendum. According to the State, "defendant's position completely ignores the proper factors the trial court relied on in imposing [sentence]."

¶ 29    The State's argument is unpersuasive. Although the trial court did not specifically mention the sex offense identified in the PSI's second addendum, it did detail defendant's history of juvenile delinquency as described in the original PSI. Indeed, this lends some support to the State's argument that the sentencing decision was unaffected by the allegedly false information in the PSI's second addendum. Nonetheless, the trial court did indicate that it considered the PSI's second addendum, and the court did not draw any distinction between the sex offense and other PSI information. There was no on-the-record ruling on Kulkarni's objection when the State mentioned the sex offense. Moreover, after an off-the-record discussion following Kulkarni's objection, the prosecutor was permitted to proceed with her argument that the sex offense "gives

the court a good insight into the fact that this defendant while young has been involved in the criminal justice system rather extensively and is a repeat offender." In imposing sentence, the trial court found that defendant's "history of criminal activity *and delinquency* is certainly a huge factor in aggravation." (Emphasis added.) If defendant had, indeed, committed a sex offense, it would have been one of the more serious offenses he committed as a juvenile. Thus, while it is curious that the trial did not mention the sex offense, we cannot comfortably conclude that it did not affect the length of defendant's sentence. Consequently, we agree with defendant that his petition made a substantial showing that there is a reasonable probability that, but for Kulkarni's allegedly deficient performance, defendant would have received a shorter sentence. Accordingly, this case must be remanded for a third-stage evidentiary hearing on defendant's second amended postconviction petition.

¶ 30                                      III. CONCLUSION

¶ 31     For the reasons stated, we reverse the judgment of the circuit court of Winnebago County granting the State's motion to dismiss defendant's second amended postconviction petition. We remand for further proceedings under the Act.

¶ 32     Reversed and remanded.

¶ 33