NOTICE

Decision filed 07/09/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 230418-U

NO. 5-23-0418

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 18-CF-44 |
| | ) | |
| ANTHONY R. WILLIAMS, | ) | Honorable |
| | ) | Jerry E. Crisel, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The defendant's postconviction petition was properly dismissed at the first stage for failing to state a gist of constitutional claim where the defendant is unable to demonstrate he was prejudiced by his attorney's failure to move to sever charges relating to the sexual assault of two minors.

¶ 2    The defendant, Anthony R. Williams, appeals the circuit court of Jefferson County's dismissal of his postconviction petition at the first stage. For the following reasons, we affirm the dismissal of defendant's postconviction petition.

¶ 3                                    I. BACKGROUND

¶ 4    On January 29, 2018, the defendant was charged in a single indictment with multiple counts of sexual assault and aggravated sexual abuse for abusing A.H., his then-teenage niece, and H.H., his then 11-year-old step-granddaughter. The offenses involving A.H. occurred between 2003 and

1

2007, while those involving H.H. occurred in 2016. The defendant was then arrested. The defendant waived a jury trial and the case proceeded to a bench trial in June 2018. During the trial, both victims testified, and certain hearsay statements were allowed pursuant to section 115-10 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/115-10 (West 2022)). The defendant was ultimately found guilty on all counts and sentenced to an aggregate term of 44 years in prison.

¶ 5　　Following his conviction and sentencing, the defendant filed a direct appeal in this court. See *People v. Williams*, 2021 IL App (5th) 190251-U. In his direct appeal, the defendant only raised arguments related to the trial court's alleged reliance on its personal knowledge in rendering its verdict and the trial court's alleged consideration of improper victim impact testimony during sentencing. We affirmed the defendant's convictions and sentences. Additionally, within that decision, we determined that the evidence of guilt was overwhelming, and therefore, the defendant could not show prejudice.

¶ 6　　Following our issuance of our disposition of the defendant's direct appeal, the defendant then filed a *pro se* postconviction petition. The petition raises, *inter alia*, for the first time in these proceedings, that his trial counsel rendered him ineffective assistance of counsel in that his counsel failed to move to have the charges related to the two victims severed for separate bench trials. The petition argues that the offenses allegedly occurred years apart and were not part of the same comprehensive transaction. Additionally, the petition contends that this was prejudicial because, had the charges been severed, H.H.'s credibility-bolstering hearsay statements would not have been admissible at A.H.'s trial.

¶ 7　　The trial court summarily dismissed the petition and this appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9      On appeal, the defendant asks this court to reverse the trial court's summary dismissal and allow his complaints to proceed to a second-stage proceeding. The court in *Cole* articulated the standard of review for first-stage dismissals:

> "The Act provides postconviction relief when a conviction arises from a substantial violation of a constitutional right. 725 ILCS 5/122-1 (West 2010). A postconviction proceeding is a collateral attack on the conviction, not an appeal of the underlying judgment. [Citation.] A defendant bears the burden of showing that he qualifies for relief under the Act by demonstrating a violation of a constitutional right. 725 ILCS 5/122-1(a)(1) (West 2010). A postconviction petition maybe summarily dismissed within 90 days of its filing if 'the court determines the petition is frivolous or is patently without merit.' 725 ILCS 5/122-2.1(a)(2) (West 2010). A frivolous or patently without merit petition is one that 'has no arguable basis either in law or in fact.' [Citation.] We review summary dismissal of a postconviction petition *de novo*. [Citation.]" *People v. Cole*, 2012 IL App (1st) 102499, ¶ 8.

¶ 10     The defendant raises two arguments in his postconviction petition, but only argues the trial court erred in dismissing one of those arguments. Thus, any argument related to his ineffective assistance claim regarding the failure to object to Dr. Nsa's allegedly improper hearsay testimony is forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Argument *** shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *** Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 11     We now turn to the defendant's claim on appeal that his trial counsel was ineffective for failing to move to have the charges for each victim severed for the purpose of trial. The State

3

contends that the defendant's claim is forfeited because the defendant could have raised it in his direct appeal but failed to do so. See *People v. Pitsonbarger*, 205 Ill. 2d 444, 456 (2002) ("[I]ssues that could have been raised, but were not, are considered waived."). The State notes that our Illinois case law has determined that "frivolous or *** patently without merit encompasses *res judicata* and forfeiture." (Internal quotation marks omitted.) *People v. Blair*, 215 Ill. 2d 427, 445 (2005).

¶ 12     The defendant responds that his claim is not barred because, "[a]t first-stage proceedings, *pro se* petitioners like Williams are not required to fully set forth their claims" (citing to *People v. Brown*, 236 Ill. 2d 175 (2010)). A *pro se* petition is viewed with a liberal eye and assessed for its "substantive virtue rather than its procedural compliance." *People v. Hommerson*, 2014 IL 115638, ¶ 11. Here, any failure of Williams to overcome forfeiture by failing to explicitly allege ineffective assistance of appellate counsel in his *pro se* petition is merely a procedural defect that may easily be cured at the second stage of proceedings once counsel has been appointed to properly shape his claim. See *People v. Addison*, 2023 IL 127119, ¶ 23 ("When a petitioner is asserting claims that could have been raised on direct appeal, he can avoid the procedural bar of forfeiture by casting his claims as ineffective assistance of appellate counsel for failing to raise the issues on direct appeal."); *People v. Turner*, 187 Ill. 2d 406, 412-13 (1999) (where the *pro se* petition raises issues that could have been raised on direct appeal, counsel at second-stage has the duty to amend the petition to allege ineffective assistance of appeal counsel to avoid forfeiture).

¶ 13     Ultimately, it is true that defendant did not directly raise the issue of ineffective assistance of appellate counsel in his petition, but doing so requires a higher level of legal procedural knowledge, whereas a *pro se* defendant is often "unaware of the precise legal basis for his claim or all the legal elements of that claim." *People v. Edwards*, 197 Ill. 2d 239, 245 (2001). "[B]y definition, a 'gist' of a claim is something less than a completely pled or fully stated claim." *Id.* A

*pro se* petition is required only to allege enough facts to make out a claim that is arguably constitutional. *People v. Robinson*, 2021 IL App (1st) 181653, ¶ 34.

¶ 14     The case law relied upon by the State highlights certain situations where courts have found such "implicit" claims forfeited; however, we find those cases to be distinguishable because in those matters the defendant either did not bring an outright ineffective assistance of counsel claim, attempted to raise a claim unsupported by the facts alleged in the petition, or raised a completely new claim. See *Cole*, 2012 IL App (1st) 102499; see also *People v. Jones*, 213 Ill. 2d 498 (2004). In the petition at issue, the defendant clearly articulated and identified the issue which forms the basis of his claim. It is readily apparent that the defendant is ultimately attempting to complain about the failure of his trial counsel to move to sever the charges against him. And, also it is apparent that all that is necessary to cure the procedural defect is for appellate counsel, once appointed at the second stage, to reframe the claim of ineffective assistance of trial counsel to that of ineffective assistance of appellate counsel based upon appellate counsel's failure to raise the issue on direct appeal. This distinction is a nuance of the law that is beyond the typical knowledge of a *pro se* defendant and to expect them to properly understand the implications of how the claim is phrased or framed for purposes of these proceedings is not realistic. Thus, we will overlook the forfeiture. However, the defendant still must have alleged the "gist" of constitutional violation before the matter can proceed to a second-stage hearing. We find that he failed to do so.

¶ 15     In answering the question of whether the circuit court correctly dismissed the postconviction petition as frivolous and patently without merit, we are guided by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), for determining whether counsel's assistance was ineffective. "To prevail on a claim of ineffective assistance under *Strickland*, a defendant must show both that counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced the defense." *People v. Hodges*, 234

Ill. 2d 1, 17 (2009). "At the first stage of postconviction proceedings under the Act, a petition alleging ineffective assistance may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness *and (ii) it is arguable that the defendant was prejudiced*." (Emphasis added.) *Id.* "Both prongs of the *Strickland* test must be satisfied before a defendant can prevail on a claim of ineffective assistance of counsel." *People v. Coleman*, 183 Ill. 2d 366, 397 (1998). "Courts, however, may resolve ineffectiveness claims under the two-part *Strickland* test by reaching only the prejudice component, for lack of prejudice renders irrelevant the issue of counsel's performance." *Id.* at 397-98.

¶ 16 The defendant argues that he was prejudiced by his attorney's failure to move to sever the charges because hearsay evidence regarding H.H.'s assault was allowed into the bench trial pursuant to section 115-10 of the Code and considered for A.H.'s charges where they would not have been allowed had the victims' trials been severed. Thus, the defendant contends that this evidence allowed the State to improperly "bolster" its case for the charges against A.H.

¶ 17 Section 115-7.3(b) of the Code is an exception which allows propensity evidence to be introduced where charges of sexual assault are alleged. 725 ILCS 5/115-7.3 (West 2022). The defendant admits that pursuant to this section, both H.H. and A.H. would have been allowed to testify regarding their personal sexual assault by the defendant in both trials had the charges been severed. However, pursuant to the State's two motions *in limine* brought pursuant to section 115-10 of the Code and which were allowed by the trial court, the State introduced evidence which also included hearsay statements made by H.H. to her mother, her primary care physician, and the Child Advocacy Center caseworker. Section 115-10 acts as an exception to the hearsay rule and allows for hearsay statements made by the victim in reporting sexual assault. Section 115-10 is understood to allow this type of evidence only from the victim for which the defendant is being

prosecuted to be admitted. Thus, the defendant argues that these statements would not have been allowed in A.H.'s trial had the charges been severed.

¶ 18    However, in this matter, the State in its motion *in limine* moved only for the admittance of this evidence to be considered by the trial judge for the purpose of its case-in-chief as to the charges alleged where H.H. was the victim. Specifically, the motion *in limine* states as follows: "In the trial of this cause, *with respect to Counts V and VI*, the State intends to introduce evidence in its case-in-chief certain statements that the victim in these counts, being H.H., *** made ***." (Emphasis added.) Thus, the State limited the introduction of this evidence into the trial only for the purpose of being considered by the trial court for the charges relating to H.H., and not for those relating to A.H.

¶ 19    Importantly, in this matter, the defendant was convicted following a bench trial. "Reversal is required only if the evidence is a material factor in the defendant's conviction; that is, the outcome of his trial would likely have been different had the evidence been excluded." *People v. Adams*, 2023 IL App (2d) 220061, ¶ 92, *appeal denied*, 221 N.E.3d 404 (Ill. 2023).

> "In addition, the risk of prejudice from other-crimes evidence is lessened in a bench trial. See *People v. Felton*, 2019 IL App (3d) 150595, ¶¶ 47-48 (noting that the prejudicial effect of other-crimes evidence 'is almost exclusively discussed in terms of impact on a *jury*' (emphasis in original) and explaining that the law 'presumes that a judge, unlike a jury, is not likely to find a defendant guilty simply because he or she is a bad person deserving punishment'); *cf. People v. Johnson*, 296 Ill. App. 3d 53, 63 (1998) (in resolving a challenge to the admission of the minor victim's hearsay statement in an aggravated criminal sexual assault case, stating that '[w]hile a technical error may have been committed, we cannot see how, in this bench trial, it caused any prejudice to the defendant')." *Id.*

¶ 20    In this matter, a trial judge conducted the bench trial and rendered the verdict. A trial judge is presumed to know the law and apply it properly. The evidence was introduced in a limited capacity, and we have no evidence that the judge considered it outside of that properly admitted context. The probability of prejudice is considerably minimized when there is not a jury and the judge is acting as the factfinder.

¶ 21    Additionally, as previously stated, section 115-10 creates a previously nonexistent hearsay exception and our courts have found that the exception "must be strictly construed where the defendant has no opportunity to confront and cross-examine his accuser. See *People v. Bridgewater*, 259 Ill. App. 3d 344, 349 (1994) ('In light of the principles surrounding the admission of a statement as an exception to the hearsay rule, section 115-10 of the Code should be narrowly construed.')." *People v. Johnson*, 296 Ill. App. 3d 53, 65 (1998). In this matter, the trial court granted the motions *in limine* which limited H.H.'s hearsay statements for consideration only for the charges involving her. Furthermore, when granting the motions *in limine*, the trial court also ruled that the hearsay evidence was only admissible *if* H.H. testified and could be cross-examined; thus, further limiting any prejudice to the defendant.

¶ 22    Moreover, the trial court in its written judgment articulated the specific reasonings for its verdict. Importantly, the trial court focused on the defendant's testimony in rendering its ruling by laying out clearly articulated reasons it found the defendant's testimony "was not credible." The trial court found that the defendant's testimony

> "consisted mostly of a detailed explanation of why no one could have committed the offenses against A.H. on a working farm as she had claimed. According to the defendant there was an almost constant presence of seed salesmen, farm implement dealers, farm hands and concerned neighbors in and around the places where A.H. alleged the defendant

8

committed his crimes against her, thereby making such acts virtually impossible to carry out without discovery."

Additionally, the defendant, "although never actually asked, did not expressly deny any of the charges."

¶ 23    Furthermore, the defendant throughout the litany of appeals and challenges following his conviction has never challenged the sufficiency of the evidence following his convictions. In the direct appeal regarding this matter, we found that portions of the defendant's testimony at his bench trial were either inherently incredible or simply nonsensical. For example, despite his testimony that he had lived "[a]ll of" his life on or around the farm in question, he could not testify with specificity as to how many outbuildings there were at various places on the farm. When asked about outbuildings near the house the defendant lived in at that time, the defendant testified, "there's the old chicken coop and the crib and the garage and then an old barn, and then there's what they call the laying area where the chickens used to lay the eggs, so that would be one, two, three, four, five—*five buildings—six maybe*." (Emphasis added.) When asked about outbuildings near the house his mother and father lived in at the time, the defendant testified, "there's the old machine shed, the new machine shed, and then several bins. *I'd have to count them up*." (Emphasis added.) When asked about outbuildings near the house the defendant's brother lived in at the time, the defendant testified, "Around my brother's is just basically nothing but old cars and stuff like that, *maybe one outbuilding or two*." (Emphasis added.) In addition, on cross-examination, the defendant offered the rather head-spinning assertion, with regard to A.H., that "I probably *was alone with her*, but, I mean, if I was, it was not in a building or at her house or anywhere *by myself with her*." (Emphases added.)

¶ 24    Therefore, in light of the defendant's own testimony not being credible, we find that the mere addition of "bolstering" evidence would not have changed the outcome of the defendant's

trial because the trial court, here, emphasized not that it found the victims to be overly credible, but that it disbelieved the defendant and found him not to be credible.

¶ 25    We conclude that the trial court did not err in summarily dismissing defendant's postconviction petition, as defendant failed to show that he was arguably prejudiced by defense counsel's decision not to move to sever the charges. See *People v. Coats*, 2021 IL App (1st) 181731, ¶ 26 (as both prongs of the *Strickland* test for ineffective assistance of counsel must be satisfied, courts may resolve an ineffectiveness claim in a postconviction petition by reaching just the prejudice prong).

¶ 26                                    III. CONCLUSION

¶ 27    For the foregoing reasons, we affirm the circuit court of Jefferson County's dismissal of the defendant's postconviction petition.


¶ 28    Affirmed.

10