NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220079-U

NO. 4-22-0079

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 13, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CALVIN L. CARTER III, | ) | No. 14CF3136 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Joseph G. McGraw, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Defendant failed to state the gist of a constitutional claim appellate counsel provided ineffective assistance, arising from appellate counsel's failure to raise on direct appeal the trial court's rulings on outbursts in the gallery in the presence of the jury. Thus, the trial court's summary dismissal of defendant's postconviction petition was proper.

¶ 2   A Winnebago County jury found defendant, Calvin L. Carter III, guilty of first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) and home invasion (*id.* § 19-6(a)(5)), relative to the shootings of four individuals, including two less than 12 years of age. The trial court sentenced defendant to four terms of natural life plus 50 years in prison, to be served consecutively with each other and with an 80-year sentence for the home invasion conviction. Defendant filed a posttrial motion and took a direct appeal. *People v. Carter*, 2020 IL App (2d) 170695-U. The appellate court affirmed his conviction. *Id.* ¶ 33. Defendant's *pro se* petition for rehearing and

petition for leave to appeal were denied by the respective courts, as was his petition for writ of *certiorari* by the United States Supreme Court.

¶ 3        On December 10, 2021, defendant filed a *pro se* postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2020)) raising six claims. The only claim relevant to this appeal is that the trial court erred by failing to grant either of the motions for a mistrial that his trial counsel made following disturbances from the gallery during the jury trial.

¶ 4        The trial court summarily dismissed defendant's petition at the first stage as frivolous and without merit. Defendant asserts his petition made an arguable claim appellate counsel provided ineffective assistance for failing to raise the court's denial of his motions for a mistrial based on the outbursts from the gallery. Because we find defendant failed to state the gist of a constitutional claim appellate counsel provided ineffective assistance of counsel, we affirm the court's judgment dismissing defendant's postconviction petition at the first stage.

¶ 5                                    I. BACKGROUND

¶ 6        Given defendant raises but one issue about discrete portions of his jury trial and direct appeal, we recite only the facts relevant to these issues.

¶ 7        On December 14, 2014, Rockford police officers were dispatched to Martia Flint's home to follow up on a report of shots fired. They found that Flint, her two sons (neither yet 12 years old), and Flint's boyfriend, had each been shot execution-style in the head. The ensuing investigation led to the State charging defendant with multiple counts of first degree murder (720 ILCS 5/9-1(a)(1) (West 2014)) and home invasion (*id.* § 19-6(a)(5)).

¶ 8        During the State's presentation of its case during the jury trial, while an investigator was describing the crime scene, the father of Flint's boyfriend, who was in the gallery, stood up,

pointed at defendant, and said "extremely loudly" at least twice "[']you motherfucker.[']" Defendant moved for a mistrial, which motion the trial court denied, finding the outburst did not prejudice defendant. On the jury's return to the courtroom, the court admonished the jurors to disregard the incident.

¶ 9        Subsequently, while the State was utilizing the testimony of another investigator to identify crime scene photographs, another spectator in the gallery exclaimed loudly enough for those in the courtroom to notice the disturbance. The trial court indicated it did not hear what the individual said, and it assumed the jurors did not either as the individual was approximately the same distance from the bench and jury. Outside the jury's presence, the court did, however, interview the spectator, who advised he had said to himself that defendant "should get the electric chair." Defendant again moved for a mistrial, but the court denied the motion and admonished the jury it should disregard the occurrence.

¶ 10        The jury convicted defendant on all counts, and defendant filed a motion for a new trial. Among other contentions, defendant argued the trial court committed error by denying the motions for a mistrial made at the time of the disturbances from the gallery. The court denied the motion, and sentenced defendant as noted above, though *in abstentia* as defendant waived his right to be present.

¶ 11        On direct appeal, defendant challenged the trial court's denial of his motion to suppress the evidence found at his apartment at the time of his arrest, and he sought to vacate two of the natural-life prison sentences. The appellate court affirmed. *Carter*, 2020 IL App (2d) 170695-U, ¶ 33.

¶ 12        After the unsuccessful direct appeal, defendant filed a *pro se* postconviction petition. Relevant to this appeal, defendant's first claim in his petition asserted the trial court

committed error when it denied his motions for a mistrial based on the outbursts by those in the gallery. Notably, defendant did not claim that his appellate counsel was ineffective for failing to raise this issue on direct appeal.

¶ 13        On review of defendant's postconviction petition, the trial court summarily dismissed it "as frivolous, without merit, and failing to state the gist of a constitutional claim."

¶ 14        This appeal followed.

¶ 15                            II. ANALYSIS

¶ 16            A. Review of Summary Dismissals and Standard of Review

¶ 17        The trial court at the first stage of a postconviction proceeding must review the defendant's petition and dismiss the petition if the court determines it is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2020). Because most often the petition is *pro se*, the burden on the defendant is lower in order to give an indigent defendant a meaningful opportunity to present their claims. *People v. Porter*, 122 Ill. 2d 64, 74 (1988).

¶ 18        However, we are to consider whether "*the allegations of the petition*, taken as true and liberally construed," present the gist of a constitutional claim. (Emphasis added.) *People v. Brown*, 236 Ill. 2d 175, 184 (2010). We review a dismissal of a postconviction petition at the first stage *de novo*. *People v. Edwards*, 197 Ill. 2d 239, 247 (2001).

¶ 19            B. Even Liberally Read, Defendant's Petition Does Not Assert

                Appellate Counsel Provided Ineffective Assistance

¶ 20        Before we can address whether defendant's petition states the gist of a constitutional claim, the threshold issue we are faced with is whether defendant's *pro se* postconviction petition sufficiently articulates his claim of the ineffectiveness of his appellate counsel, for failure to raise on direct appeal, the trial court's handling of the outbursts from the

gallery. Fortunately, the petition is legible and relatively organized, but it does not explicitly make a claim about appellate counsel's failure to raise the issue about which defendant complains. Instead, defendant's first claim in the petition challenges the court's denial of the motions for a mistrial made at the time of the disturbances in the courtroom. This first claim makes no allegation about appellate counsel. That is, defendant asks us to evaluate an entirely new allegation not previously presented to the court.

¶ 21         Defendant's brief treats the allegations of his petition as if they clearly described a claim that appellate counsel failed to raise the mistrial issue on direct appeal. The State's brief is silent regarding defendant's allegations and makes no claim of forfeiture. We think the differences between defendant's claims are worthy of a brief discussion.

¶ 22         *Pro se* postconviction petitions "must be given a liberal construction and are to be viewed with a lenient eye, allowing borderline cases to proceed. Because a *pro se* petitioner will likely be unaware of the precise legal basis for his claim, the threshold for [survival] is low, and a *pro se* petitioner need allege only enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act." *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 48. Although the bar is low, the *pro se* petition still "must bear some relationship to the issue raised on appeal." *Id*. In short, our focus on review of a summary dismissal is whether a petitioner has alleged enough facts to support a claim, because as noted above, such a petition does not need to cite authority or even make any legal argument. See, *e.g.*, *People v. Hodges*, 234 Ill. 2d 1, 9 (2009) (The court noted it is "required only that a *pro se* defendant allege enough facts to make out a claim that is arguably constitutional for purposes of invoking the Act.").

¶ 23         Additionally, the *de novo* nature of our review of summary dismissals of *pro se* postconviction petitions "requires" us to make an "independent assessment of the allegations."

*People v. Coleman*, 183 Ill. 2d 366, 388 (1998); See also *Edwards*, 197 Ill. 2d at 247. In conducting our review, we may "substitute" our "judgment for that of the [trial] court in order to formulate the legally correct answer." *Coleman*, 183 Ill. 2d at 388. We do so because "the [trial] court is not in an appreciably better position than the reviewing court to determine whether the allegations contained in a post-conviction petition demonstrate a constitutional deprivation so as to invoke relief under the Act." *Id*. In other words, a reviewing court "has the same capability as does the [trial] court in the first instance to look to the allegations and construe them liberally in favor of the petitioner and as set forth in light of the trial record." *Id*.

¶ 24 Defendant asserts, because it is arguable the jury was affected adversely by the outbursts from the gallery, it is also arguable appellate counsel provided ineffective assistance of counsel by failing to raise this preserved issue. Thus, defendant argues he stated the gist of a constitutional claim and his *pro se* postconviction petition should not have been summarily dismissed.

¶ 25 Our lenient treatment of a *pro se* postconviction petition, however, is not unlimited because claims not raised in such a petition cannot be raised for the first time on appeal of a trial court's dismissal of that petition. *People v. Cole*, 2012 IL App (1st) 102499, ¶ 13. We simply cannot infer "implicit" claims of the ineffectiveness of appellate counsel on direct appeal because such counsel failed to make such claims. *Id*. For us to address such claims, the postconviction claims must have been presented to the trial court via the postconviction petition. *Id*.

¶ 26 Thus, because defendant did not permit the trial court to consider his claim of the ineffectiveness of appellate counsel on direct appeal relating to the court's ruling on the gallery outbursts, we will not consider it either. We note our supreme court has held forfeiture, procedural

default, and waiver apply to the postconviction process. *People v. Blair*, 215 Ill. 2d 427, 446 (2005).

¶ 27 Therefore, we find defendant forfeited his claim appellate counsel was ineffective for failing to raise the trial court's handling of the gallery outbursts because he did not make such a claim in his *pro se* postconviction petition. His claim relating to the outbursts only asserts the court was at fault, but he makes no claim appellate counsel on direct review was ineffective for failing to raise the issue.

¶ 28                                    III. CONCLUSION

¶ 29 For the foregoing reasons, we affirm the trial court's judgment.

¶ 30 Affirmed.